## No. C-1374

**Omar D. Blair, Robert L. Crider, Theodore Hackworth, Katherine W. Schomp, Bernard Valdez, Virginia Rockwell, and Naomi Bradford, individually and as members of the Board of Education of School District No. 1, in and for the City and County of Denver, and State of Colorado v. Barbara J. Lovett**

(582 P.2d 668)

Decided July 17, 1978. Rehearing denied August 21, 1978.

120

Henry, Cockrell, Quinn & Creighton, Benjamin L. Craig, for petitioners.

Hobbs and Waldbaum, P.C., Larry F. Hobbs, Kristie A. Hansen; Cirkal and Sandman, Jeffrey I. Sandman, for respondent.

Caplan and Earnest, Gerald A. Caplan, for amicus curiae Colorado Association of School Executives.

Dennis E. Valentine, for amicus curiae Colorado Education Association.

Jay W. Swearingen, for amicus curiae Colorado Association of School Boards.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The petitioners, acting as the Board of Education of School District No. 1 in Denver, dismissed the respondent, Barbara Lovett, from employment as a tenured teacher. She filed a petition for review in the district court,[1] and that court dismissed the petition. On appeal, the court of appeals reversed and remanded with directions. *Lovett v. Blair,* 39 Colo. App. 512, 571 P.2d 731 (1977). We granted certiorari, and now affirm the judgment of the court of appeals.

The superintendent of schools suspended the respondent and recommended to the board of education that she be dismissed for incompetence. Pursuant to section 22-63-117(3) through (7), a hearing was held before a three-member panel, which issued certain findings and recommended that Mrs. Lovett be retained as a teacher.[2]

On review,[3] the board determined that the panel's findings were too "sketchy and conclusory in nature" to enable the board to decide whether to dismiss or retain Mrs. Lovett. The board then examined the transcript of the panel's proceedings,[4] issued its own findings in substitution for those issued by the panel, and voted unanimously to dismiss Mrs. Lovett.

On appeal, Mrs. Lovett challenged the board's action in disregarding the panel's findings and substituting its own. The court of appeals held that if there is evidence to support a hearing panel's findings, the board of education is bound by those findings — *including findings of "ultimate" fact* — and is not free to adopt different findings to justify diccharging the teacher. 571 P.2d at 734. The court concluded that upon determining that the panel's findings were inadequate, the board should not have issued its own findings based on its review of the record but should have remanded the case to the panel for more specific findings. Finally, after holding that the panel's findings were insufficient, the court of appeals ordered the case remanded to the panel for more detailed fact findings.

While we do not fully concur in the court of appeals' analysis of the respective roles of the panel and board, for reasons that will appear below, we agree with that court's disposition of the case, and therefore affirm the judgment.

---

[1] *See* section 22-63-117(11), C.R.S. 1973.
[2] *See* section 22-63-117(8), C.R.S. 1973.
[3] *See* section 22-63-117(10), C.R.S. 1973.
[4] Mrs. Lovett has raised the question whether the individual board members in fact fully reviewed the transcript. Given our disposition of the case, it is unnecessary for us to address that question.

## I.

■ This case arises under the Teacher Employment, Dismissal, and Tenure Act of 1967, section 22-63-101, *et seq.*, C.R.S. 1973. Under that act, a tenured teacher may be dismissed only for "physical or mental disability, incompetency, neglect of duty, immorality, conviction of a felony, insubordination, or other good and just cause." Section 22-63-116, C.R.S. 1973. The act prescribes procedures which must be followed to effect such a dismissal. These include, if the teacher makes a timely request, an evidentiary hearing before a three-member panel, review by the board of education, and judicial review of the board's final action. Section 22-63-117, C.R.S. 1973.

■ The principal function assigned to a hearing panel, after receiving the evidence, is to "review the evidence and testimony and make written findings of fact thereon." Section 22-63-117(8), C.R.S. 1973. Thereafter, the panel is to recommend that the teacher either be dismissed or retained, and submit its findings and recommendation to the board.

■ One purpose of assigning these duties to a hearing panel, of course, is to free the board of education from time-consuming, evidence-gathering functions which can be performed adequately by a subordinate body. In addition, however, as the court of appeals correctly recognized,[5] the 1967 act is designed to provide substantial protection for the academic freedom of teachers who have achieved tenured status.[6] A primary facet of that protection is the availability at the teacher's request, of an evidentiary hearing panel chosen in a manner designed to ensure its neutrality.[7] No doubt the General Assembly recognized that the initial fact-finding procedure is the foundation on which all later administrative procedure and judicial review must depend. A neutral fact-finding panel should be able to review the evidence objectively and make fact findings on which to base its recommendation regarding the teacher's dismissal or retention.

---

[5] 571 P.2d at 732-734.

[6] The legislative history and evolution of these procedural and substantive protections is reviewed thoroughly in the court of appeals' opinion, *id.*

[7] The method of selection is provided by section 22-63-117(5), C.R.S. 1973, as follows:

"If a hearing is requested by the teacher, or permitted by the board of education as provided in subsection (4) of this section, it shall be conducted before a panel, the members of which shall be residents of Colorado and selected as follows: The teacher shall select one member as provided in subsection (3) of this section; the board of education shall select one member as provided in subsection (3) of this section; and the two persons selected shall, within ten days after the filing of the request, meet and choose a third member who shall be the chairman and who shall preside at the hearing. If the persons selected by the teacher and the board of education cannot agree on the third member of the panel within ten days after the filing of the request, either shall so notify the lieutenant governor and he shall appoint the third member of the panel within five days after the expiration of such ten-day period. No school director or employee of the school district shall be selected as a member of a panel. The chairman shall forthwith give the teacher at least seven days' written notice of the hearing, including the place and time therefor, but in no event shall such hearing be held later than twenty-five days after the selection of the third panel member."

In order that this legislative attempt to provide a neutral forum for presentation of evidence will not be merely illusory, it is essential that the panel's role, in hearing and reviewing the evidence, be more than just advisory. Were we to hold that the board of education can disregard the panel's findings of fact and substitute its own, a significant portion, if not all, of the insulative protection afforded by an impartial hearing panel would be lost.[8]

Moreover, having actually heard the testimony, the panel is in a better position than the board to evaluate the weight and credibility of witnesses and other evidence. To permit the board to overrule the panel's fact findings on the basis of the "cold" hearing transcript would thus defeat one purpose of having an impartial hearing panel, and place decisions based on the evaluation of evidence in the hands of a body which has not actually seen and heard the witnesses. Such a holding would not comport with the legislative intent underlying this statutory scheme.

For these reasons, we hold that the panel's findings of "basic," or evidentiary, facts,[9] if supported by competent evidence, are binding on the board of education. The board may not disregard those findings nor substitute its own findings. If the board determines that the panel's findings are insufficient to enable the board to make its final decision, it must remand the matter for more specific findings by the panel which heard the evidence — it may not simply review the record and issue its own findings.

This conclusion, in addition to finding support in the apparent legislative intent of the 1967 act, also follows logically from the language of section 22-63-117, paragraphs (8) and (10). That language distinguishes the panel's duties from the duties of the board. While the panel is to "review the *evidence and testimony and make written findings of fact* thereon," the board of education is simply to "*review the panel's findings of fact* and recommendation" and then enter its own order. (Emphasis added.) The statute does not authorize the board to conduct a second full *review* of the *evidence* or to adopt mew fact findings. Absent a clear expression of legislative intent to that effect, we will not infer such authorization, especially where to do so would undermine the right to a full evidentiary hearing before an impartial panel.

We are not unaware, however, that the power to terminate the employment of school district personnel has been expressly vested in each

---

[8] The board argues that this conclusion improperly implies that boards of education are *not* impartial, and that the legislature did not intend such an inference to be drawn simply from the establishment of the hearing panel process. The court of appeals' discussion of legislative history, 571 P.2d at 732-734, effectively counters this argument. Moreover, it is difficult to conclude that a board of education could sit with the same impartiality as an independent hearing panel in those cases where a member of the board initiates the charges. *See* section 22-63-117(2), C.R.S. 1973.

[9] *See* footnote, 13, *infra*.

school district's board of education. Section 22-32-110(1)(h), C.R.S. 1973. *See also Nordstrom v. Hansford,* 164 Colo. 398, 435 P.2d 397 (1967). The general provisions of the 1967 act do not reveal any legislative intent to transfer or modify that ultimate dismissal power.[10] In fact, section 22-63-117(10) expressly reserves such final decisions to the board.[11] Thus, we must also take care not to unduly restrict the board's ultimate authority, for there is no indication of a legislative intent to delegate that authority to the hearing panel. *See Nordstrom v. Hansford, supra.*

In accordance with this concern, we cannot agree with the court of appeals' conclusion[12] that even the panel's findings of "ultimate" facts — *i.e.,* whether the statutory standards for dismissal have been established by the evidence[13] — are binding on the board. Several of the statutory grounds for dismissal — *e.g.,* "incompetency," or "immorality" — are relatively broad, and the precise substantive content of those grounds will depend on the facts presented in each particular case. Although the determination in each case is subject to judicial review, considerable discretion is left in the board of education to define the limits of such broad general grounds as "incompetency," and "immorality," in the educational context.[14] If we were to hold that the panel's findings of *ultimate* fact were binding on the board, we would essentially transfer that discretion to a temporary, non-elected body. We cannot believe that the legislature intended substantially to dilute the powers of the state's elected boards of education, since they have the responsibility of implementing and carrying out the educational programs of their respective communities and must have authority adequate to enable them to discharge that responsibility.

---

[10] *See, e.g.,* section 22-63-102(3), C.R.S. 1973.

[11] "(10) The board of education shall review the panel's findings of fact and recommendation, and it shall enter its written order within thirty days after the date of the panel's findings and recommendations. The board shall take one of the three following actions: the teacher be dismissed; the teacher be retained; or the teacher be placed on a one-year probation."

[12] 571 P.2d at 734.

[13] An "ultimate fact" is generally stated in terms of a statutory standard. In this case, for example, where the charge was one of imcompetency as a teacher, the ultimate fact to be determined is whether Mrs. Lovett was or was not incompetent. Basic or evidentiary facts, on the other hand, are those on which the ultimate finding rests — *i.e.,* those particular facts which substantiate the finding of incompetence. *See generally* 2 *K. Davis, Administrative Law Treatise* §16.06 (1958).

[14] Mrs. Lovett argues in her brief that under our decision in *Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976), the determination of incompetence (or other statutory grounds for dismissal) cannot constitutionally involve any discretion or case-by case interpretation by the board. This argument overlooks the fact that *Weissman* expressly recognized that whether conduct constitutes grounds for dismissal might depend on any number of factors in a particular case, and that a statute may be sufficiently precise to meet constitutional standards without listing a limited set of determinative criteria. 547 P.2d at 1273. It would be folly to suggest that "incompetence" or "immorality," "rendering one unfit to teach," is a standard so clear as to leave no leeway in determining whether the facts of a particular case meet that standard.

In summary, the following framework emerges from the foregoing analysis: Pursuant to section 22-63-117(8), the hearing panel is to review the evidence and make findings of fact and a recommendation. *Basic evidentiary* facts found by the panel are binding on the board if supported by competent evidence in the record. However, any *ultimate* findings of fact are not binding on the board because it, not the panel, has the power to determine what facts constitute the statutory grounds for dismissal.

At the risk of stating the obvious, we also note that the panel's recommendation regarding final disposition of the case is just that — a *recommendation.* Since the board has the ultimate "hiring and firing" authority, no other conclusion can reasonably follow. Therefore we hold that section 22-63-117 does not unconstitutionally delegate the board's authority to the panel. *Nordstrom v. Hansford, supra.*

## II.

In the instant case, the board of education concluded that the panel's findings were conclusory in nature and insufficiently specific. Thereafter, the board reviewed the hearing transcript and issued additional findings of fact, upon which it based its ultimate finding of incompetence and its decision to dismiss Mrs. Lovett. We agree that the panel's written findings were not sufficiently specific or detailed, but, in light of our foregoing analysis, we hold that the proper action for the board would have been to remand the case to the panel for more specific findings. We do not deem it necessary or proper at this time to attempt to lay out a precise form of findings to be made by the panel. They should be such that the board, and a court on judicial review, can fairly and reasonably determine whether the facts justify dismissal on the charged statutory grounds. *See Robertson v. Board of Education,* 39 Colo. App. 462, 570 P.2d 19 (1977). Beyond that, the sufficiency of basic findings can only be decided on a case-by-case basis. *See generally* 2 *K. Davis, Administrative Law Treatise,* ch. 16 (1958).

Accordingly, the judgment of the court of appeals is affirmed.

MR. JUSTICE GROVES does not participate.