Edward A. SULEY, Petitioner,

v.

The BOARD OF EDUCATION OF JEFFERSON COUNTY SCHOOL DISTRICT NO. R–1, Respondent.

No. 79CA0690.

Colorado Court of Appeals,
Div. I.

March 19, 1981.

Rehearing Denied April 16, 1981.

Certiorari Denied Aug. 31, 1981.

The superintendent of schools filed charges with the Board of Education seeking dismissal of petitioner as a tenured teacher. A hearing was held before the teacher panel, which made numerous findings and recommended petitioner's retention. On review the board ordered petitioner placed on one year probation.

## I

The board initially filed a motion to dismiss this action contending that this court had no jurisdiction to hear it since all proceedings before the teacher tenure panel and the school board had been taken under § 22–63–117, C.R.S.1973, which provided that review of a tenure teacher dismissal was to be initiated in the district court. However, by the time the board entered its order placing petitioner on probation, and at the time this proceeding was filed in this court, the statute had been amended so that it now provides:

> "Within 60 days after the date of the order of the board of education, the teacher may file an action for review in the court of appeals . . . ." Section 22–63–117(11), C.R.S.1973 (1979 Cum.Supp.)

This change in the review procedure is procedural, and since there is no expressed intent to delay the effective date of the amendment, it became effective immediately. As stated in *Fancher v. Clark*, 127 F.Supp. 452 (D.Colo.1954):

> "Changes in procedural or remedial law are generally to be regarded as immediately applicable to existing causes of action and not merely to those which may accrue in the future unless a contrary intent is expressed in the statute."

The board also contended that *Blair v. Lovett*, 196 Colo. 118, 582 P.2d 668 (1978) prohibited the school board from reviewing and evaluating the evidence taken before the teacher tenure panel, but that the trial court could receive and consider independent evidence submitted to it with regard to other issues. Hence, it concluded that the prior statute gave a more complete review of the matter and should remain applicable here. We reject this argument.

Hobbs & Waldbaum, P. C., Larry F. Hobbs, Denver, for petitioner.

Dawson, Nagel, Sherman & Howard, William F. Schoeberlein, Robert J. Whitley, Denver, for respondent.

COYTE, Judge.

Edward A. Suley seeks review of an order of the Board of Education of Jefferson County School District No. R–1 placing him on one year probation. We affirm.

The argument of the board that *Blair, supra,* precludes it from conducting any review of the record is not correct. While *Blair* prohibits a board from reviewing the full evidentiary record and making its own findings of fact, it does not forbid a board from reviewing a record to ascertain that the panel's findings are supported by the evidence. Accordingly, the conclusion of the board that the statute prior to amendment should apply in this case because there is implicit in district court review some measure of review denied to respondents, is in error.

The amendment of the statute, § 22–63–117(11), C.R.S.1973 (1979 Cum.Supp.) gives this court original jurisdiction for appellate review of all cases where a school board order in a dismissal proceeding has been entered prior to the effective date of the amendment; thus, this court has original jurisdiction to hear this appeal.

## II

In his petition, petitioner's principal contention is that the order placing him on probation is not supported by any findings which would justify discharge and that due process forbids taking of tenure rights through an order of probation except where cause for discharge is found.

In the instant case, the panel concluded based upon specific findings:

"[T]hat he [Suley] does need to work on certain areas and to improve. These include:

1. Cooperation with other teachers.

2. Communication with other teachers.

3. Cooperation with special education programs.

4. Communication with special education programs.

5. Knowledge of the purpose of special education programs.

6. Cooperation with the school administration.

7. Communication with the school administration.

. . . .

44. Lest the panel be misunderstood by the immediate foregoing comments, it also finds that none of these deficiencies individually, nor all of them in combination, render Mr. Suley an incompetent teacher. The panel specifically finds that he has a good rapport with many students, that students like him, that he is a dedicated teacher, and that he has the potential to become an excellent teacher.

45. The panel specifically finds that Mr. Suley has the ability and the willingness to overcome the deficiencies mentioned above and that these deficiencies do need hard work on his part, and cooperation from the district.

46. The panel specifically finds insufficient evidence of incompetence, insufficient evidence of insubordination, no other good and just cause to terminate the teacher under law."

Upon review of the panel's findings, the school board adopted the following resolution:

"1. That the Panel's findings of fact are sufficiently detailed, and support placing Mr. Suley on one-year probation because of insubordination, incompetency, neglect of duty, and other good and just cause.

"2. That Mr. Edward A. Suley be and hereby is placed on one-year probation because of insubordination, incompetency, neglect of duty, and other good and just cause."

Petitioner argues that, since the hearing panel concluded that there was insufficient evidence of incompetence, insufficient evidence of insubordination, and no other good and just cause to terminate the teacher, the board could not place him on probation for a year. We disagree.

The finding that the evidence is insufficient to terminate petitioner is a finding of ultimate fact, and thus, is not binding on the board. Basic evidentiary facts are binding on the board, but not ultimate facts. *Blair v. Lovett, supra.* The board had before it detailed findings of basic evidentiary facts that established insubordination, incompetency, and neglect of duty on the part of petitioner. Accordingly, the board had

three options available to it based on these basic findings, *i. e.,* it had the option of retaining petitioner, placing him on probation, or terminating his employment. *See* § 22–63–117(10), C.R.S.1973; *Blair v. Lovett, supra.*

■ Since he has completed the year of probation and has been restored to his tenured position within the school district, we do not address petitioner's final contention of law that the order of probation was so impermissibly vague as to have a chilling effect upon his academic freedom.

Order affirmed.

BERMAN, J., concurs.

STERNBERG, J., specially concurs. ·

STERNBERG, Judge, specially concurring.

I am in complete agreement with the disposition of the jurisdictional issue by the majority, and agree with the result reached by the majority in affirming the action of the Board in placing the teacher on probation. However, my emphasis on that portion of the opinion differs.

Among the teacher tenure panel's findings are these: the teacher failed to cooperate with his team teachers and with an advisor; he yanked the hair of a student, swatted a female student on the bottom, and swore at and threatened the principal. These are findings of basic or evidentiary fact and as such may be used by the Board even though it does not accept the panel's conclusions on matters of ultimate fact. *Blair v. Lovett, supra.* These findings of evidentiary fact would have justified the Board on terminating the teacher; thus, the Board's act of grace in placing the teacher on probation instead was a valid exercise of its discretion under the statute.