Eddie G. GARCIA, Petitioner,

v.

DEPARTMENT OF HIGHWAYS of the State of Colorado; State Personnel Board of the State of Colorado, and the individual members thereof, to wit: Jan Knoop, Tony Arguello, Raymond C. Delisle, Francis F. Kethcart, and Randall C. Mustain-Wood, Respondents.

No. 84CA1056.

Colorado Court of Appeals, Div. I.

Dec. 12, 1985.

Valerie McNaughton, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven A. Chavez, Asst. Atty. Gen., Denver, for respondents.

ENOCH, Chief Judge.

Petitioner, Eddie G. Garcia, seeks review of a State Personnel Board (Board) order which terminated his employment with the Colorado Department of Highways (Department). We affirm.

Petitioner was employed as a traffic signal technician for the Department. After allegations arose that he had turned off a traffic light in retaliation for what he believed to be inadequate police work in finding his runaway daughter, the Department dismissed him for willful misconduct.

Petitioner appealed his dismissal to the Board. After a hearing held under the State of Colorado Personnel Rules, the hearing officer found that the allegations were substantiated by the evidence and that petitioner had engaged in willful misconduct, but that because of mitigating circumstances, in particular petitioner's prior work record, the Department had abused its discretion and acted arbitrarily in ordering his termination. The officer ordered that petitioner be suspended, rather than permanently dismissed.

The Department appealed the hearing officer's ruling to the Board, which upheld the hearing officer's factual findings but concluded that these findings supported the Department's original dismissal order and were thus not arbitrary and capricious. The Board therefore reversed the hearing officer's conclusions of ultimate fact, and ordered that petitioner's dismissal be reinstated. Petitioner seeks review of that order.

Petitioner contends that the Board applied an improper standard of review, failed to follow statutorily required procedures, and reached a decision which was unsupported by the evidence. We disagree.

The statutory standard for dismissal in cases involving state personnel is provided by the Colo. Const., art. XII, § 13, and the State Personnel System Act, § 24–50–125(1), C.R.S. (1982 Repl.Vol. 10). Appeals from such disciplinary actions are to be addressed to the Board, and a hearing before the Board or a Board-appointed hearing officer may be held. Section 24–50–125.4(1) and (3), C.R.S. (1985 Cum.Supp.).

■ The proper standard of review of the hearing officer's decision is set forth in § 24–4–105(15)(b), C.R.S. (1982 Repl.Vol. 10), which provides that a hearing officer's findings of *evidentiary* fact are not to be set aside on administrative review unless they are contrary to the weight of the evidence. However, the officer's findings as to *ultimate* facts, *e.g.*, whether the statutory standards for dismissal have been demonstrated to exist, are not binding on

the Board because it, not the officer, has the power to determine what facts constitute statutory grounds for dismissal. *See Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978).

Here, the Board appointed a hearing officer to review the dismissal order. After reviewing the officer's decision, the Board adopted the factual findings, including the finding that petitioner had engaged in willful misconduct. These evidentiary findings were supported by competent evidence, and therefore, the Board was bound by them on appeal. Section 24–4–105(15)(b), C.R.S. (1982 Repl.Vol. 10); *Blair, supra.*

The Board was not bound, however, by the hearing officer's conclusion that the Department had abused its discretion and acted arbitrarily in ordering dismissal. That conclusion represented a finding of *ultimate* fact as to whether the statutory standards for dismissal had been shown to be present, and on appeal, the Board may make such findings on its own. *Blair, supra.*

The evidence in the record supports the Board's conclusion that the statutory standards for dismissal were met in this case. Willful misconduct is, by the constitution and the statute, one basis for dismissal of a state employee. Therefore, the Board did not abuse its discretion in rejecting the hearing officer's conclusions of ultimate fact and in reinstating the original dismissal order.

Order affirmed.

PIERCE and BABCOCK, JJ., concur.