MOFFAT COUNTY SCHOOL
DISTRICT RE–NO. 1,
Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Colorado Division of Employment, and Patricia Blaine, Respondents.

No. 85CA0606.

Colorado Court of Appeals,
Div. II.

Dec. 19, 1985.

Rehearings Denied Feb. 13, 1986.

Certiorari Granted (Industrial Commission) April 21, 1986.

Thomas C. Thornberry, Craig, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa Taylor, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Colo. Div. of Employment

Skaalerud & Price, George C. Price, Denver, for respondent Patricia Blaine.

VAN CISE, Judge.

Petitioner, Moffat County School District RE–No. 1 (school district), seeks review of the Industrial Commission's award of full unemployment compensation benefits to respondent Patricia Blaine (teacher) pursuant to § 8–73–108(4), C.R.S. (1985 Cum.Supp.). We set aside the order.

In October 1983, following a hearing pursuant to the Teacher Employment, Dismissal, and Tenure Act, § 22–63–101 et seq., C.R.S. (1985 Cum.Supp.), a hearing officer entered findings and a recommendation that the teacher not be dismissed from her position as a tenured high school English teacher.

In November 1983, the board of education (board) of the school district adopted the hearing officer's findings of evidentiary facts but reversed his findings of ultimate facts and his recommendation. Instead, it determined, based on the hearing officer's findings of evidentiary facts, that the teacher was guilty of neglect of duty and ordered her dismissal. The teacher petitioned this court for review, and the order of dismissal was affirmed in *Blaine v. Moffat County School District RE–No. 1*, 709 P.2d 96 (Colo.App.1985).

In July 1984, while judicial review was pending, the teacher filed for unemployment compensation. A referee determined that the school district was responsible for the separation, that the teacher was discharged at the convenience of the school district, and that insufficient grounds existed for the denial of unemployment benefits based on the separation. The Commission affirmed.

On review, the parties agree that the doctrine of collateral estoppel is applicable to this unemployment action. They also agree: (1) that the issue for decision in this action is identical with the one previously presented in the teacher dismissal case— the cause for the teacher's separation from employment; (2) that the same parties were involved in both actions; (3) that both had a full and fair opportunity to litigate the issue in the dismissal case; and (4) that there was a final judgment on the merits in that case. Therefore, the referee properly held that relitigation was precluded and that the decision on the issue in the dismissal case was conclusive in the unemployment action. *See Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974), and *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973).

However, the school district contends, and we agree, that the referee and the Commission erred in regarding the evidentiary and ultimate findings of fact and the recommendation of the hearing officer as the "final judgment" in the dismissal case, and in disregarding the ultimate findings of the board that the teacher was guilty of neglect of duty. The board, and not the hearing officer, has the power to determine what facts constitute the statutory grounds for dismissal. *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981); *Blair v. Lovett*, 196 Colo. 118, 582 P.2d 668 (1978). And, the hearing officer's recommendation was just that, a recommendation and nothing more. *Blair v. Lovett, supra.*

The board's determination constituted the "final judgment" upon which collateral estoppel is based. *Jefferson County School District No. R–1 v. Industrial Commission*, 698 P.2d 1350 (Colo.App. 1984). And, the affirmance of the board's order on review in this court preserved the

finality of that judgment. By that ruling, the teacher was disqualified from a full award of benefits. *See* § 8–73–108(5)(e)(VII), (VIII), and (IX), C.R.S. (1985 Cum.Supp.).

Also, the referee erred in basing his ruling in part on the alleged behavior of, and the unequal disciplinary sanction imposed by the board on, the non-teacher employee who was involved, to a lesser degree, in the same incident that caused the teacher's dismissal. For a discussion of that issue, *see Blaine v. Moffat County School District RE. No. 1, supra. See also, Ramirez v. Civil Service Commission,* 42 Colo.App. 383, 594 P.2d 1067 (1979).

The Commission's order is set aside and the cause is remanded for further proceedings consistent with this opinion.

SMITH, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I am in disagreement with the majority opinion for several reasons, and therefore respectfully dissent.

## I.

The issues involved in terminating the employment of a tenured teacher and awarding of less than full benefits under an unemployment compensation claim are not so nearly identical as to allow application of the doctrine of collateral estoppel.

Under § 22–63–116, C.R.S. (1985 Cum. Supp.), one ground for dismissal of a tenured teacher is neglect of duty, and that is the basis upon which the teacher here was dismissed. In an unemployment compensation case, the statute permits a reduction of benefits if the Industrial Commission concludes there has been "willful neglect ... to an employer's property or interests." *See* § 8–73–108(5)(e)(XIII), C.R.S. (1985 Cum.Supp.). And, it permits such reduction if there has been improper use of intoxicating beverages. *See* § 8–73–108(5)(e)(VII), (VIII), & (IX), C.R.S. (1985 Cum.Supp.). But, a full award of benefits is called for if the Commission concludes that the termination of employment was caused by the employee's inability to perform the work because of insufficient skills, which is a possible conclusion here in light of the teacher's inexperience in handling drinking teenagers. *See* § 8–73–108(4)(j), C.R.S. (1985 Cum.Supp.). In any event, the matter is one in which the Industrial Commission must exercise its discretion to determine which provision of the unemployment compensation act is applicable. On the other hand, the school board's decision concerns only whether one of the statutory criteria for dismissal of a tenured teacher has been shown to exist.

Indeed, the uniqueness of unemployment compensation proceedings is emphasized by § 8–74–108, C.R.S. (1985 Cum.Supp.) which provides that determinations under that statute are not "binding on the parties under any other statutory or contractual relationship or on any other agency or court." In my view, therefore, the ultimate facts involved are necessarily different in the two proceedings and a determination by a school board in a teacher tenure case should not be binding upon the Industrial Commission in an unemployment compensation case. *Cf. Umberfield v. School District No. 11,* 185 Colo. 165, 522 P.2d 730 (1974).

## II.

Determination of whether the facts of a case warrant dismissal of a teacher is one of ultimate fact, a mixed question of law and fact. *Thompson v. Board of Education,* 668 P.2d 954 (Colo.App.1983). In the teacher tenure proceeding leading to dismissal of the teacher, the hearing officer made detailed findings of evidentiary fact leading to the conclusion by the hearing officer that the facts did not justify discharge of the teacher. The school district adopted the findings of the hearing officer but discharged the teacher. *See Blaine v. Moffat County School District RE. No. 1.,* 709 P.2d 96 (Colo.App.1985).

It seems to me incongruous to now turn around and say that these same findings of

fact are to be used as a weapon to deny full unemployment compensation benefits to the teacher by application of the doctrine of collateral estoppel. Indeed, as the teacher argues, a more logical and stronger case can be made for applying the doctrine to the determinations and recommendations of the hearing officer who, after all, was present during the contested hearing in the matter and had the opportunity to observe the manner and demeanor of the witnesses, and to draw inferences from this live testimony. Moreover, as noted in the dissenting opinion in *Blaine v. Moffat County School District RE. No. 1, supra,* in my view, the evidentiary findings made by the hearing officer do not support the action of the board.

### III.

Finally, in my opinion, the majority opinion in this case is contrary to the holding of this court in *City of Colorado Springs v. Industrial Commission,* (Colo.App. No. 85CA0345, December 12, 1985). There, an employee of the city had been discharged for unsatisfactory performance and conduct unbecoming a city employee. Pursuant to city procedures the discharge was upheld by the city manager and then by the municipal court. The employee filed a claim for unemployment compensation benefits. Over the argument of the city that collateral estoppel should preclude the commission from redetermining the reasons for discharge, the commission held the doctrine not to be applicable and awarded the employee full unemployment benefits. The basis of this court's affirmance of the full award of benefits, and refusal to apply collateral estoppel, was that the city did not have subject matter jurisdiction concerning unemployment benefits.

Similarly here, it should be held that a school board which has terminated a tenured teacher lacks subject matter jurisdiction when the teacher seeks unemployment compensation benefits, and thus, collateral estoppel is inapplicable.

Not to do so means that this court is willing, in essence, to permit a school district to resolve unemployment compensation claims but not willing to permit a home rule city to do so.

For these reasons, I would affirm the order of the Industrial Commission.