John R. BEECHWOOD,
Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 11 IN the COUNTY OF EL PASO, and State of Colorado, Defendant-Appellee.

No. 87CA0329.

Colorado Court of Appeals,
Div. I.

Dec. 29, 1988.

Martha R. Houser, Steven L. Murray, Gregory J. Lawler, Richard J. Weinberg, Aurora, for plaintiff-appellant.

Cockrell, Quinn & Creighton, Benjamin L. Craig, Denver, for defendant-appellee.

MARQUEZ, Judge.

This appeal arises under the Teacher Employment, Dismissal, and Tenure Act of 1967, § 22–63–101, et seq., C.R.S. (1988 Repl.Vol. 9) (the Teacher Tenure Act). John R. Beechwood (Beechwood) seeks review of the order of the Board of Education of El Paso County School District No. 11 (Board) dismissing him from employment with the school district. We affirm.

Beechwood held several full-time teaching positions with the school district beginning in school year 1982–83, including one at the Palmer Night School, and later at the Nueva Ventura program, a special program for behaviorally disordered students, from August 1985 to February 1986. He acquired tenure status in 1985.

In February 1986, the district placed Beechwood under suspension with pay and, in April 1986, reassigned him as a substitute teacher at Palmer Senior High School, for approximately six weeks. By letter to the Board in August 1986, the Superintendent of Schools recommended review for dismissal of Beechwood for the reasons of incompetency, neglect of duty, immorality, insubordination, and other good and just cause. The Board accepted these charges for review.

It appears that prior to the period covered by the superintendent's allegations, Beechwood's performance had been satisfactory. However, Beechwood was experiencing marital problems. He had been attended by a psychiatrist after attempting suicide in June 1985, followed by counseling with a clinical psychotherapist, who, according to the hearing officer's findings, concluded that Beechwood had in the past suffered from substance abuse, that he was under situational stresses regarding his marriage, and that he had a personality disorder of long-lasting duration, which was characterized as sometimes explosive behavior and oversensitivity to criticism. Beechwood's supervisor during the 1986 substitute teaching assignment at Palmer testified generally that Beechwood had performed satisfactorily and seemed to have a good rapport with the students.

After evidentiary proceedings in December 1986, the hearing officer made extensive and detailed findings of fact and conclusions. While he found that several of the superintendent's allegations were unfounded, the hearing officer found that certain aspects of Beechwood's conduct did constitute immorality and demonstrated unfitness to teach; that Beechwood's conduct contrary to directives of the director of the Nueva Ventura program constituted incompetency and insubordination; and that certain acts also constituted neglect of duty and other good and just cause.

Beechwood asserted as a defense that he suffered from a temporary illness from which he was sufficiently recovered to return to work; that under § 22–63–116, C.R.S. (1988 Repl.Vol. 9) a temporary illness cannot be a basis for dismissal; and that the temporary illness negated specific elements of the charges of insubordination, neglect of duty, and incompetence and rendered him unable to control certain conduct.

The hearing officer rejected this defense, stating that "this defense is misplaced"; that the school district had not based its grounds for dismissal upon temporary illness; and that, moreover, Beechwood's emotional and behavioral problems cannot

be characterized as the basis of a temporary illness manifested in uncontrolled confrontations with students and faculty and the use of vulgar and obscene language. Further, the hearing officer found that there was no evidence that Beechwood's personality disorder and behavioral problems were an illness temporary in nature, as the psychotherapist had testified that the personality disorder was long-standing and had only recently improved. Accordingly, the hearing officer recommended that Beechwood be dismissed.

The Board found the hearing officer's findings of fact to be supported by the evidence and that such findings of fact establish the statutory grounds for dismissal of incompetency, neglect of duty, immorality, insubordination, and other good and just cause and ordered Beechwood's dismissal from employment.

### I.

Beechwood first contends that the hearing officer's findings are contrary to law and are unsupported by substantial evidence on the record as a whole. We disagree.

### A.

■ Beechwood does not dispute the basic findings of fact by the hearing officer, but contends that the hearing officer's finding that § 22–63–116, C.R.S. (1988 Repl. Vol. 9) is not applicable is contrary to law. This argument is without merit.

Section 22–63–116 provides as follows: "The grounds for dismissal of a tenure teacher shall be physical or mental disability, incompetency, neglect of duty, immorality, ... insubordination, or other good and just cause. No tenure teacher shall be dismissed for *temporary illness....*" (emphasis added)

Beechwood argues that this section should be construed broadly so that a tenured teacher suffering from a temporary illness may not be dismissed for failing to take leave while recovering.

The district did not dismiss Beechwood on the basis of temporary illness, but on other grounds, which are supported by substantial evidence of record. Nevertheless, the hearing officer considered Beechwood's defense. On the evidence presented, the hearing officer properly found that Beechwood's emotional and behavioral problems cannot be characterized as a temporary illness. Therefore, neither the hearing officer's conclusion nor the Board's adoption thereof is contrary to law.

### B.

■ Beechwood next contends that the hearing officer's finding that his conduct was not the result of a temporary disability is not supported by the record as a whole. We reject this argument.

The hearing officer's findings of fact and discussion were lengthy and extremely detailed. We conclude that the hearing officer's findings are supported by substantial evidence when the record is considered as a whole, and hence, they are binding on review. *See* § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A).

### II.

■ Beechwood next contends that the failure of the Board to consider probation for him constitutes a violation of due process. We disagree.

Our Supreme Court has held that the procedures prescribed by the Teacher Tenure Act afford a tenured teacher due process of law. *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981). There is no assertion that the hearing officer or the Board failed to follow prescribed procedure.

Colo.Sess.Laws 1979, ch. 202, § 22–63–117(10) at 803, applicable here, provided in pertinent part as follows: "The board of education shall review the hearing officer's findings of fact and recommendations, and it shall enter its written order within thirty days after the date of the hearing officer's findings and

recommendations. The board shall take *one of the three following actions:* The teacher *be dismissed;* the teacher *be retained;* or the teacher *be placed on a one-year probation....*" (emphasis added)

Beechwood acknowledges that the Teacher Tenure Act does not expressly provide for a hearing on the "issue" of probation, but argues that because the Board knew that he believed he possessed a substantive "right" to probation, he was entitled to be heard and that the Board thus denied him due process when it refused to hear him on the "issue" of probation. This argument is without merit.

Section 22–63–117(10) simply required the Board to review the hearing officer's findings of fact and recommendations and to enter a written order. The dispositional discretion conferred upon the Board indicates that the Board is the ultimate hiring and firing authority and that it is not bound by the recommendation of the hearing officer. *See Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978).

The cases cited by Beechwood are inapposite. *Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974) involved an agency rule requiring a pre-termination meeting which had not been held. *DeSimone v. Board of Education,* 612 F.Supp. 1568 (E.D.N.Y.1985) involved a discontinuation of plaintiff's services without a pre-termination hearing.

In contrast, here, Beechwood was provided a full evidentiary hearing before the hearing officer, and there is neither a statutory provision for hearing before the Board on the issue of probation nor a right to a certain disposition. Thus, there was no deprivation of due process.

ORDER AFFIRMED.

PIERCE and HUME, JJ., concur.