Kenneth E. FORBES, Appellant and Cross–Appellee,

v.

POUDRE SCHOOL DISTRICT R–1, Appellee and Cross–Appellant.

No. 88SA352.

Supreme Court of Colorado, En Banc.

April 23, 1990.

As Modified June 1, 1990.

Larry F. Hobbs, P.C., Larry F. Hobbs and Kay R. McKim, Denver, for appellant and cross-appellee.

Caplan and Earnest, Gerald A. Caplan, Alexander Halpern and Alan J. Canner, Boulder, for appellee and cross-appellant.

Justice KIRSHBAUM delivered the Opinion of the Court.

 Kenneth E. Forbes, appellant, has appealed an order of the Poudre School District R–1 (the District), acting through its Board of Education (the Board), that he be placed on a one-year period of probation while carrying out his responsibilities as a tenured teacher at Rocky Mountain High School. Forbes asserts that the Board had no authority under sections 22–63–101 to –118, 9 C.R.S. (1988), of the Teacher Tenure Act (hereinafter the Act) to place him on probation.[1] The Board has filed a cross-appeal asserting that the appeal must be dismissed because Forbes failed to name the Board as a party to the appeal.[2] We reverse the Board's order.

### I

The basic facts giving rise to this controversy are not in dispute. They were determined after lengthy administrative proceedings conducted pursuant to the Act by an administrative law judge (ALJ). The

---

1. The case was originally filed in the Colorado Court of Appeals, and transferred to this court because of Forbes' challenge to the constitutionality of § 22–63–117(10), 9 C.R.S. (1988). *See* § 13–4–110(1)(a), 6A C.R.S. (1987). In view of our resolution of this appeal on statutory construction grounds, we do not reach the constitutional issue.

2. The Board also argues that the case should be dismissed as moot. Because the question of the

scope of the Board's authority to order probation under the Teacher Tenure Act is a matter of great public importance and the exercise of that authority may occur on other occasions, we reject this argument. *Bestway Disposal v. PUC,* 184 Colo. 428, 520 P.2d 1039 (1974); *Lininger v. City of Sheridan,* 648 P.2d 1097 (Colo.App.1982); *Beeson v. Kiowa County School Dist. RE–1,* 39 Colo.App. 174, 567 P.2d 801 (1977).

ALJ entered two sets of findings and recommendations, one on April 1, 1987, consisting of forty-one pages, the other on June 18, 1987, consisting of nineteen pages. The Board has not taken exception to any of the ALJ's findings of fact.

Forbes was initially employed by the District in September of 1959. In the fall of 1973, he was appointed social studies teacher at Rocky Mountain High School. He taught various social studies courses at the high school level from 1973 to 1986.

During the 1984–85 academic year, an assistant principal at Rocky Mountain High School performed an evaluation of Forbes' teaching skills. The evaluation recommended retention of Forbes but indicated that improvement was needed in five areas relating to competence and teaching methods.

During that same academic year, the Board employed a new principal at the high school, Thomas MacKenzie. In August 1985, MacKenzie asked Forbes to prepare and submit an improvement plan. On September 25, 1985, after making three observations of Forbes' classes, MacKenzie met with the attorney then advising the District apparently to seek advice on how to dismiss Forbes.

After that meeting MacKenzie became increasingly critical of Forbes' conduct. On February 10, 1986, MacKenzie informed Forbes that he believed Forbes should not continue at the school. Forbes requested a sabbatical leave on February 15, 1986, to take courses to update his teaching methods to satisfy MacKenzie's demands. Although his name was initially included on a list of teachers nominated for such leave, the District's superintendent of schools took the unprecedented step of removing Forbes' name from the list.

In March 1986, MacKenzie created a "help team" consisting of himself, the administrator who had performed the 1984–85 evaluation, and three other members to monitor Forbes' performance. On March 7, 1986, MacKenzie informed Forbes of the formation of the help team, directed Forbes to submit lesson plans on a daily basis, and gave Forbes an evaluation form recommending Forbes' dismissal.

In May 1986, the help team formally determined that Forbes should be dismissed. On September 17, 1986, the superintendent of the District issued a charging letter recommending Forbes' dismissal on grounds of "incompetence, neglect of duty, insubordination and good and just cause." The Board accepted the charges on September 22, 1986, and suspended Forbes with pay the next day. Forbes requested an administrative hearing concerning the Board's action, pursuant to section 22–63–117(3) of the Act and an administrative proceeding commenced before the ALJ on January 5, 1987.

On April 1, 1987, the ALJ issued detailed findings and recommendations to the effect that the evidence did not support the charges filed against Forbes. The ALJ concluded that the District failed to establish incompetency, insubordination, neglect of duty, or any other cause for dismissal[3] and recommended that Forbes be retained. With respect to the alleged incompetence of Forbes, the ALJ found that although Forbes did not employ certain methods and theories preferred by MacKenzie, the teaching methods Forbes used were effective in the classroom. With regard to the charge of insubordination, the ALJ found that Forbes "was slow to follow some instructions given by a person legally unauthorized to give them."[4] With regard to

---

3. The grounds for dismissal of a tenured teacher are set forth in the Act as follows:

> **Dismissal—reasons.** The grounds for dismissal of a tenure teacher shall be physical or mental disability, incompetency, neglect of duty, immorality, conviction of a felony or the acceptance of a guilty plea or a plea of nolo contendere to a felony, insubordination, or other good and just cause. No tenure teacher shall be dismissed for temporary illness, leave of absence previously approved by

the board, or military leave of absence pursuant to article 3 of title 28, C.R.S.
§ 22–63–116, 9 C.R.S. (1988).

4. MacKenzie did not hold a valid Colorado administrative certificate, normally a requirement for employment as a principal of a Colorado high school. The ALJ found that the District elected to hire MacKenzie even though some questions were raised concerning the propriety of such decision.

the charge of alleged neglect of duty, the ALJ specifically found that "at most, the District proved a minor past pattern of impromptitude." The ALJ also found that MacKenzie probably made up his mind in late September of 1985 to seek Forbes' dismissal and that his subsequent conduct was designed to achieve that goal.

On April 27, 1987, the Board reviewed the ALJ's findings and recommendations, determined that certain of those findings were not supported by the record, and remanded the matter to the ALJ for further review of the following matters:

1. The frequency of the teacher's tardiness for classes from 1980 through the time of the teacher's suspension from duty on Sept. 22, 1986, including the amounts of time, if any, the teacher was late and

2. For the same period, the frequency and duration of periods when the teacher left his classroom unattended.

The Board also directed the ALJ to review certain evaluations of Forbes made by members of the help team.

After reexamining the record of the hearing, the ALJ issued supplemental findings and recommendations on June 18, 1987. The ALJ concluded that specific criticisms of Forbes enunciated by the members of the help team should be accorded little or no credibility because the group was formed to document MacKenzie's charges of incompetency rather than to impartially evaluate or assist Forbes. The ALJ specifically found that allegations that Forbes was excessively tardy and that without justification left his classroom unattended were not supported by the evidence. The ALJ again concluded that the evidence did not support the sanction of dismissal and recommended Forbes' retention.

On August 3, 1987, the Board entered its final order. The Board specifically found that "the record does not support an ultimate finding of fact requiring dismissal." However, the Board also stated that Forbes' conduct constituted "serious neglect of duty" and ordered that Forbes "be placed on a one-year probation for the 1987–88 school year subject to the terms and conditions of this resolution and that any violations will constitute an independent ground for additional disciplinary action." It gave no reasons for this determination, stating only its opinion that it was authorized by "Colorado statutes governing tenure proceedings" to place Forbes on probation.

II

Forbes argues that the findings of evidentiary fact entered by the ALJ and adopted by the Board do not support the imposition of probation. The Board contends that a determination in the course of administrative proceedings instituted under the Act to place a tenured teacher on probation need not be based on the findings of fact made by the ALJ during such proceedings. Alternatively, the Board argues that the order in this case is supported by the ALJ's evidentiary findings. We agree with Forbes and reject the Board's contentions.

A

■ We have previously observed that the Act is designed in part to provide a tenured teacher with a fair and responsible process of administrative adjudication when a school board accepts formal charges that the teacher's conduct warrants dismissal. *Blaine v. Moffat County School Dist. RE–1*, 748 P.2d 1280, 1286 (Colo.1988); *Blair v. Lovett*, 196 Colo. 118, 122–23, 582 P.2d 668, 671 (1978); *Umberfield v. School Dist. No. 11*, 185 Colo. 165, 171–72, 522 P.2d 730, 733 (1974). Before a teacher may be disciplined under the Act, formal administrative proceedings must be initiated by means of a written recommendation containing specific charges against the teacher. § 22–63–117(1). A school board may reject the charges, but if it accepts the charges the teacher is entitled to have them determined by an independent ALJ after an evidentiary administrative proceeding. § 22–63–117(5). Only upon the conclusion of such administrative process is a board authorized to take any action against a tenured teacher. § 22–63–117(10). During the administra-

tive process the party asserting charges against a teacher has the burden of establishing those charges by a preponderance of the evidence. *Nordstrom v. Hansford,* 164 Colo. 398, 435 P.2d 397 (1967).

■ Under section 22–63–117(10) of the Act, evidentiary findings entered by an ALJ are binding on the reviewing school board if supported by the record and the board may not go beyond the four corners of those findings to discover some new evidentiary basis for an ultimate determination. *Blaine,* 748 P.2d at 1288; *deKoevend v. Board of Educ.,* 688 P.2d 219, 225–26 (Colo.1984); *Ricci v. Davis,* 627 P.2d 1111, 1116–17 (Colo.1981). The Act also requires the ALJ to make independent findings of ultimate fact and to recommend either dismissal or retention of the teacher. § 22–63–117(8); *Blaine,* 748 P.2d at 1287. A school board has the responsibility to make its own ultimate findings of fact, which may differ from the ultimate findings of fact entered by the ALJ, but any ultimate findings entered by a board must be fully warranted by the evidentiary findings determined by the ALJ. *Id.* at 1291; *see Suley v. Board of Educ. of Jefferson County School District No. R–1,* 633 P.2d 482 (Colo.App.1981), *cert. denied.* If a board adopts an ultimate finding of fact recommending dismissal contrary to the ALJ's recommendation of retention, the board must expressly state the reasons for its new findings of ultimate fact. § 22–63–117(10); *Blaine,* 748 P.2d at 1291.

The policy of ensuring a fair and principled process for the imposition of discipline against tenured teachers would be substantially undermined if a school board, having concluded that the evidence does not substantiate initial charges recommending dismissal, may nevertheless impose probation on the teacher without regard to the evidentiary record developed in the case. Such a result would in effect grant absolute discretion to school boards to impose probation upon a teacher for no reason at all, rendering the prescribed administrative process meaningless.

■ A school board may place a tenured teacher on probation only when the elaborate administrative process required by the Act has been completed and a body of evidentiary fact has been established. We have held that a board must base any ultimate finding of fact solely on the evidentiary record thus developed. *Blaine,* 748 P.2d at 1291; *Ware v. Morgan County School District No. RE–3,* 748 P.2d 1295, 1301 (Colo.1988). While those cases arose in situations wherein a school board had determined to dismiss a teacher, the rationale of those decisions compel the conclusion that any decision by a school board to place a tenured teacher on probation in a proceeding initiated under the Act must be based solely and squarely on the findings of evidentiary fact developed in the course of that proceeding.

B

■ As previously noted, the Board adopted the ALJ's findings of evidentiary fact in this case. Those findings fully support the ALJ's recommendation that Forbes be retained, and the Board expressly concluded that those findings do not support an ultimate finding of fact requiring dismissal of Forbes. However, the Board also stated that Forbes' conduct constituted a "serious neglect of duty." We agree with the conclusion of the ALJ that the evidence does not support either the charge of neglect of duty or any other charge filed against Forbes. We therefore reject the apparent contradiction to these conclusions expressed by the Board.

The Board did not state what evidentiary findings it considered to be supportive of its decision to place Forbes on probation and did not state any reasons for rejecting the ALJ's recommendation that Forbes be retained. In our view, a school board must not only base its decision to place a tenured teacher on probation on the findings of evidentiary fact reached by the ALJ but must also articulate its reasons for doing so in the event the ALJ has recommended retention of the teacher.

We reach this conclusion on the basis of the structure and contents of the Act. The Act contains the following requirements if

the Board rejects an ALJ recommendation of retention of a tenured teacher:

The board of education shall review the administrative law judge's findings of fact and recommendations.... The board shall take one of the three following actions: The teacher be dismissed; the teacher be retained; or the teacher be placed on a one-year probation; but the board shall make a conclusion, giving its reasons therefor, that the administrative law judge's findings of fact are not supported by the record made before the administrative law judge if it dismisses the teacher over the administrative law judge's recommendation of retention, and such findings shall be included in its written order....

§ 22–63–117(10), 9 C.R.S. (1988).

■ In construing a statute, we must give full effect to all its provisions. *People ex rel. MacFarlane v. American Banco Corp.*, 194 Colo. 32, 570 P.2d 825 (1977); *Bulow v. Ward Terry & Co.*, 155 Colo. 560, 396 P.2d 232 (1964). Admittedly, the Act is silent with respect to establishing a board's responsibilities when placing a teacher on probation. We do not view this fact as indicative of a legislative determination that, contrary to the express provisions concerning a board's authority to dismiss a tenured teacher over an ALJ recommendation of retention, the board has unlimited discretion to impose probation for no reason and without reference to the findings of evidentiary fact entered by the ALJ.

■ In addition to defining a board's responsibilities when rejecting an ALJ's recommendation of retention, the Act authorizes judicial review of any final action of a board as follows:

The teacher may file an action for review in the court of appeals by appropriate proceedings under section 24–4–106(11), C.R.S., in which action the board of education of the employing school district shall be made the party defendant. Such review shall be on the record made before the administrative law judge and the board.

§ 22–63–117(11), 9 C.R.S. (1988). Judicial review of agency action requires an examination of the basis for the agency's final determination to assure that the action was justified under applicable legal standards. *Electric Power Research Inst., Inc. v. City & County of Denver*, 737 P.2d 822 (Colo. 1987). If a board may impose probation for no reason and without regard to evidence adduced during the administrative proceeding, judicial review of such agency action is not possible. Such a construction would thwart the Act's purpose of providing a fair and meaningful process for teacher tenure proceedings and could render some provisions of the Act violative of concepts of fundamental fairness inherent in the due process clauses of the Colorado and the United States constitutions. Statutes should be interpreted whenever possible to avoid a construction that might contravene constitutional standards. *People v. Schoondermark*, 699 P.2d 411 (Colo. 1985); *High Gear & Toke Shop v. Beacom*, 689 P.2d 624 (Colo.1984).

The General Assembly has expressly authorized judicial review of the final decision of a board of education in proceedings governing the Act and has expressly required that such review be based not only on the record of the administrative proceeding but also on the record of the board's proceedings. In view of the structure and purpose of the Act, we conclude that a board must base any final order, including a decision to impose probation, on the evidentiary record before it and must articulate its reasons for such determination.

C

■ The Board argues that it need not explain its decision because it in essence affirmed the ALJ's recommendation that Forbes be retained. This argument assumes that a decision to place a tenured teacher on probation does not constitute any sanction. We do not agree with that assumption and find the Board's argument unpersuasive.

We have concluded that a tenured teacher may not be placed on probation unless evidentiary findings of fact support such a decision. The provisions of the Act apply only when a tenured teacher becomes the

object of specific formal charges alleging that the teacher should be dismissed for having violated one or more statutory standards of conduct. The Act expressly requires the ALJ to recommend dismissal or retention on the basis of findings of evidentiary fact. The entire administrative process is designed to ensure fair determination of whether the formal charges recommending dismissal are accurate. In the context of these provisions, it is at best disingenuous to suggest that the alternative of probation is not an alternative sanction to be imposed for having violated one or more statutory grounds that would support dismissal. *See Watts v. Winn Parish School Board*, 66 So.2d 350 (La.Ct.App. 1953).

■ In view of this statutory scheme and its purposes, we conclude that a school board may not impose the statutory one-year period of probation on a tenured teacher in the absence of findings of evidentiary fact supporting at least one of the initial charges alleging that the teacher's conduct warrants dismissal. *See* § 22–63–116, 9 C.R.S. (1988); *Suley v. Board of Educ.*, 633 P.2d 482. Such conclusion recognizes that in some circumstances a school board might wish to exercise its broad administrative discretion to work with rather than discharge a teacher whose conduct has been unacceptable, but also recognizes that a tenured teacher may not be disciplined at the pleasure of a school board.

In this case, the Board concluded that the evidentiary facts did not justify dismissal of Forbes. That conclusion in effect confirmed the determination of the ALJ that none of the charges filed against Forbes had been sustained. Under these circumstances, the Board had no authority to order that Forbes be placed on probation under the terms of section 22–63–117(10).

### III

■ The Board also argues that this appeal must be dismissed because Forbes neglected to name the Board as an express party defendant in his appeal of the Board's order. The Board designated the District as the appellee in its notice of cross-appeal. Section 22–63–117(11) of the Act contains the following pertinent language:

The teacher may file an action for review in the court of appeals by appropriate proceedings ... in which action the board of education of the employing school district shall be made the party defendant. Such review shall be on the record made before the administrative law judge and the board.

§ 22–63–117(11), 9 C.R.S. (1988). The present section supersedes a prior provision establishing that a review proceeding of the dismissal of a tenured teacher be filed in the district court of the appropriate judicial district. As Forbes points out, there is no party "defendant" in proceedings in the Court of Appeals. In this case, all proceedings conducted before the administrative law judge were captioned "Poudre School District No. R–1 v. Kenneth E. Forbes." It appears from the record that the Board has participated in and pursued its rights as a real party in interest throughout these proceedings, and it is not disputed that the Board was at all times acting as the duly constituted representative of the District. Under these circumstances, we conclude that the Board and the District must be deemed synonymous for purposes of the administrative proceedings conducted below.

### IV

For the foregoing reasons, the order of the Board is reversed.