CITY OF LITTLE ROCK v. Lester HALL

5-5345                                    459 S. W. 2d 119

Opinion delivered November 2, 1970

338

*Joseph C. Kemp,* for appellant.

*Gene Worsham,* for appellee.

LYLE BROWN, Justice. Police officer Lester Hall, appellee, was discharged by the Little Rock Chief of Police for slapping a suspected felon. On appeal to the City Civil Service Commission the discharge was upheld. The circuit court found Hall guilty of violating the regulations but concluded that the punishment should be reduced to a thirty-day suspension. The sole issue raised on appeal by the City of Little Rock is whether the circuit court had a right to reduce the punishment notwithstanding the circuit court confirmed the civil service commission's finding that Hall had violated the regulations.

We have no hesitancy in concluding that the circuit court had jurisdiction to modify the punishment fixed by the civil service commission, notwithstanding the circuit court agreed with the commission that the officer violated the regulations. (Of course the trial court's actions must be supported by substantial evidence, and we shall later discuss that feature of the case.) The right of appeal is set out in Ark. Stat. Ann. § 19-1605.1 (Repl. 1968). That section reads in part:

> The Circuit Court shall review the Commission's decision on the record and may in addition hear testimony or allow the introduction of any further

evidence upon the request of either the City or the employee, provided such testimony be competent and otherwise admissible. A right of appeal is also given from any action from the Circuit Court to the Supreme Court of the State of Arkansas, and such appeal shall be governed by the rules of procedure now provided by law for appeals from the Circuit Court to the Supreme Court.

Under the recited statute and the section which preceded it (Acts 1949, No. 326, § 2) we have consistently held that the proceedings in circuit court are de novo. *Petty* v. *Pine Bluff*, 239 Ark. 49, 386 S. W. 2d 935 (1965); *Little Rock* v. *Newcomb*, 219 Ark. 74, 239 S. W. 2d 750 (1951). Additionally, the appeal statute does not specifically restrict the power of the court relative to determining guilt or punishment.

In evaluating the propriety of the circuit court in reducing the punishment fixed by the civil service commission our procedure is spelled out by the statute, § 19-1605.1. There it is specified that the appeal "shall be governed by the rules of procedure now provided by law for appeals from the Circuit Court to the Supreme Court." In *Petty* we said that the quoted language means that we determine "whether the verdict or trial court's finding of fact is sustained by substantial evidence." *Petty* points up certain ambiguities created by dicta in other cases which have given rise to the argument that the supreme court reviews the appeal as in chancery cases. In fact that argument is made by appellant in the case before us. It is for that reason that we reiterate the substantial evidence rule as discussed in detail in *Petty*.

We come now to the evidence in the case. It is not necessary to this appeal to detail the voluminous record. Lester Hall slapped Charles Ester Billups while the latter was being questioned at police headquarters about a residential mail theft. Two blows were administered to the head with the open hand, and appellant introduced testimony that another blow was inflicted with a policeman's "slapper." Sergeant Hall described the blows

as having been rendered in self-defense. He also contended that provocative acts by the prisoner contributed to cause the blows. Evidence as to both defenses was much in conflict, and the trial court found that Sergeant Hall's action was unjustified. Those findings are not really questioned on appeal.

The evidence which undoubtedly persuaded the trial court to reduce the punishment was given for the first time when the case was heard on appeal. The exemplary police record and the general good conduct of appellee toward prisoners were detailed by a host of witnessess. In the some eight years appellee had been in the police service he had compiled a file of good commendations, particularly in felony investigations. It was shown that on previous occasions he had had experiences with Billups without unusual event. In fact, Billups testified for the first time in circuit court. On the controverted issue of whether appellee used a "slapper," Billups testified that he saw nothing in appellee's hands. That testimony, together with the fact that Billups suffered no abrasions or bruises, gave credence to appellee's insistence that he struck the prisoner only with open hands. Without further detailing the evidence we find that the court's findings of fact thereon are supported by the testimony. He expressed those conclusions in these words:

Lester Hall has served in the Little Rock Police Department for more than eight years, during which time he has received numerous letters of commendation, many of which suggest unusual bravery in exposing himself to danger beyond the normal requirement of duty. It is apparent that Lester Hall has the respect of his superiors and fellow officers as attested to by their testimony in this case. It is noteworthy that in all the voluminous testimony adduced in this case, there is no indication that this officer has ever been accused of abusing or mistreating a prisoner. All of the evidence in this case indicates that except for the incident in question,

Lester Hall has been an exemplary officer and above average in dedication to duty.

Affirmed.