594 P.2d 1067 (1979)
Sacarias RAMIREZ, Plaintiff-Appellee,
v.
The CIVIL SERVICE COMMISSION OF the CITY AND COUNTY OF DENVER, consisting of Ted Bach, Jesse Manzanares, and William Greenwood, the Manager of Safety of the City and County of Denver, and Daniel P. Cronin, as Manager of Safety of the City and County of Denver, the Police Department of the City and County of Denver, and Arthur G. Dill, as Chief of Police of the City and County of Denver, and the City and County of Denver, a Municipal Corporation, Defendants-Appellants.
No. 78-004.
Colorado Court of Appeals, Division. I.
April 26, 1979.
*1068 Geer & Goodwin P.C., Edward O. Geer, Robert E. Goodwin, Denver, for plaintiff-appellee.
Max P. Zall, City Atty., Robert D. Dowler, Asst. City Atty., Denver, for defendants-appellants.
KELLY, Judge.
Sacarias Ramirez, a police officer with the City and County of Denver, was dismissed for violation of five department rules. He appealed to the Civil Service Commission, which found violations of three rules, and affirmed the dismissal order. After C.R.C.P. 106 review, the court reversed only as to the punishment imposed, and ordered that Ramirez be reinstated. The Commission appeals this ruling, and we reverse.
The facts as found by the Commission reflect that Ramirez, while assigned to the Drug Enforcement Task Force, and while on duty, consumed an excessive amount of alcohol, became highly intoxicated, and, while leaving a bar, shot an innocent bystander in the chest, inflicting serious injury. The Commission rejected Ramirez' theory of self-defense, finding that the bystander was unarmed. The Commission further found that departmental policy concerning disciplinary action is not uniform. Nevertheless, the Commission ruled that Ramirez' violations were of such proportion as to warrant his dismissal.
The court accepted the fact-findings of the Civil Service Commission as correct, and their accuracy is not here challenged. Based on its review of the record, however, the court concluded that the penalty imposed by the Commission was too severe when compared with the penalties imposed on other officers in similar cases. Accordingly, the court ruled that the Commission had abused its discretion and that Ramirez had been deprived of the equal protection of the law. The Commission argues that these rulings were erroneous. We agree.
The discipline imposed by the Civil Service Commission is a matter peculiarly within its area of expertise, and will not be interfered with by the courts in the absence of a gross abuse of discretion. Stevens v. Civil Service Commission, 172 Colo. 446, 474 P.2d 156 (1970). Discretion is not abused unless, under the circumstances being considered, the agency exceeds the bounds of reason. See Bennett v. Price, 167 Colo. 168, 446 P.2d 419 (1968). In determining whether there has been an abuse of discretion in the imposition of penalty, some of the factors to be considered are the necessity of maintaining administrative control in the police department, the nature of the violation, the service record of the officer, and the circumstances of the particular case. While consistency in the treatment of other offenders is also a proper consideration, City of Aurora v. Civil Service Commission, Colo.App., 570 P.2d 253 (1977), there is no requirement that charges similar in nature must receive identical penalties. Marino v. City of Los Angeles, 34 Cal.App.3d 461, 110 Cal.Rptr. 45 (1973).
The City Charter of the City and County of Denver expressly authorizes the Chief of Police to discharge any member of the Classified Service after following required procedures. The Charter also gives the Civil Service Commission the power, on review, to exercise its discretion to affirm, reverse, or modify the disciplinary action in whole or in part. While the punishment here was severe, we cannot say that the violations were not sufficiently serious to justify Ramirez' dismissal. The punishment bore a reasonable relationship to Ramirez' conduct, and there was no abuse of discretion by the Commission. See Bennett v. Price, supra.
Neither can we say that the punishment imposed upon Ramirez denied him the equal protection of the law. It is settled in criminal prosecutions that even those who are confederates in the commission of the same crime are not necessarily entitled to equal sentences, and that the failure to impose equal sentences does not violate equal protection of the law under the Colorado or the United States Constitutions. People v. Bruebaker, 189 Colo. 219, 539 P.2d 1277 (1975), and cases cited therein. The same rule applies to punishments imposed by administrative agencies. See Hoyt v. Police Commissioner, 279 Md. 74, 367 A.2d 924 (1977).
The judgment is reversed and the cause is remanded with directions to the court to reinstate the order of the Civil Service Commission.
COYTE and PIERCE, JJ., concur.