**Danny R. MONTOYA,**
**Plaintiff-Appellee,**

v.

**The CAREER SERVICE BOARD OF the CITY AND COUNTY OF DENVER; Richard Hartman, Marian Rossmiller, Francis Salter, Alfred Wood, Leo Cardenas; The Department of Public Works for the City and County of Denver; Harold Cook, Manager of Public Works, Defendants-Appellants.**

No. 84CA0731.

Colorado Court of Appeals,
Div. II.

Sept. 5, 1985.

Armando C de Baca, Denver, for plaintiff-appellee.

Stephen H. Kaplan, City Atty., Dianne E. Eret, Asst. City Atty., Denver, for defendants-appellants.

BABCOCK, Judge.

Defendants appeal from a trial court judgment reversing an order by the Denver Career Service Board (the board) which upheld the dismissal of plaintiff, Danny Montoya, from his employment with the Street Maintenance Division of the Denver Department of Public Works (the department). On appeal, defendants contend that the trial court erred in concluding that plaintiff's due process rights were violated and that his complaint should be dismissed for failure to join the city and the hearing officer as indispensable parties. We affirm.

The department had been having problems with unauthorized interference on

two-way radios used by the street maintenance crews. The interference took various forms, including "kissing" sounds. On October 12, 1982, a team of city technicians and department personnel, using an automatic direction finder, identified a city truck, in which plaintiff and two other city employees were riding, as the source of the sounds. On October 13, the three employees were called in for questioning before the Assistant Director of Public Works (the director), his secretary (the secretary), and five supervisors of the street maintenance division.

Plaintiff was dismissed for violation of the Career Service Rules (C.S.R.) by intentionally interfering with the radio. He requested a hearing which began on December 22, 1982, and was continued to January 13, 1983. On the morning of the final day of hearing, the director testified that, during the October 13th meeting, one of plaintiff's co-workers implicated him as the source of the interference on the radio. The director also testified that the secretary had taken notes of the meeting.

During the noon recess, plaintiff, in an effort to rebut testimony by the director, served a subpoena duces tecum on the secretary who, pursuant to the C.S.R., had been designated and approved as a witness by the hearing officer. However, the director instructed the secretary not to appear at the hearing. Plaintiff then requested that the hearing officer order the city to make both the secretary and her notes available to him for the afternoon session of the hearing. The hearing officer, in reliance upon C.R.C.P. 45(c), denied his request, because plaintiff had not served the secretary with a subpoena 48 hours or more prior to the hearing. Plaintiff then requested a continuance to comply with the 48 hour requirement which was denied.

The hearing officer affirmed the city's dismissal of plaintiff. The board denied plaintiff's appeal. He then filed this C.R.C.P. 106(a)(4) action alleging in part that the hearing officer's refusal to order the city to make the secretary and her notes available or to grant a continuance deprived him of due process of law. The trial court agreed with plaintiff's contention and ordered that the hearing be reopened and that defendant make the secretary available for testimony along with any transcriptions taken by the secretary at the October 13th meeting.

■ We do not agree that the trial court erred in refusing to dismiss plaintiff's complaint for failure to join the hearing officer and the city as indispensable parties. The relief sought by plaintiff in this C.R.C.P. 106(a)(4) action was the reopening of the hearing before the board. Under the Denver City Charter, Subtitle B, § 5.25, the board has the authority to appoint a hearing officer to hear and decide appeals by employees and to reopen and reconsider decisions of the hearing officer. The board, therefore, has the power to afford the relief requested by plaintiff, and there was no requirement that the hearing officer be joined as a party in this action. *See John Deere Industrial Equipment Co. v. Moorehead*, 38 Colo.App. 220, 556 P.2d 91 (1976), *rev'd on other grounds*, 194 Colo. 398, 572 P.2d 1207 (1977); C.R.C.P. 19(a).

We also reject the city's contention that it must be named as a party in this action because the city was not indispensible.

■ Defendants next contend that the hearing officer was correct in applying C.R.C.P. 45(c) to plaintiff's case. C.R.C.P. 45(c) provides that "unless otherwise ordered by the court for good cause shown, [a] subpoena shall be served no later than forty-eight hours before the time for appearance set out in said subpoena."

Plaintiff contends that the following provisions of C.S.R. apply to his case:

"The Hearings officer shall ... perform those duties and functions necessary to render a final determination of the matter in dispute ... in conformance with the procedures and time limitations set forth in the Denver City Charter relating to the Career Service, Ordinances of the City and County of Denver relating to the career service, and the Career Service Personnel Rules." C.S.R. 2–104.

"[T]he Hearings Officer may, in his or her sole discretion, grant continuances during the entire proceeding to each party for good and sufficient cause, consistent with the scheduling constraints of the appeals docket." C.S.R. 19–24.

"[T]he Hearings Officer shall conduct the hearing in as informal a manner as is consistent with an orderly, speedy, and efficient presentation of the case. The parties shall have the right to be present and to be represented at the hearing, to present evidence and witnesses, and to cross-examine the other party's witnesses...." C.S.R. 19–25.

"[A]ppointing authorities shall make available witnesses who have been approved by the Hearings Officer and are city employees, unless it is administratively not feasible to do so...." C.S.R. 19–26.

Without deciding whether C.R.C.P. 45(c) applies to hearings before the board, we conclude that under either the standard of C.R.C.P. 45(c) or that of the C.S.R., the record does not support the hearing officer's refusal to compel the department to produce the secretary and her notes or in the alternative to grant plaintiff's request for a continuance.

Discretion is abused when, under the circumstances before it, an agency exceeds the bounds of reason. *See Bennett v. Price,* 167 Colo. 168, 446 P.2d 419 (1968); *Ramirez v. Civil Service Commission,* 42 Colo.App. 383, 594 P.2d 1067 (1979). "Abuse of discretion" is a legal term reflecting the opinion by an appellate court that the trial court committed an error of law in the circumstances. *Cook v. District Court,* 670 P.2d 758 (Colo.1983).

The key factual issue at the hearing was whether plaintiff broadcast the sounds over the city's two-way radio on October 12. Under oath, plaintiff and both co-workers denied any knowledge of such interference. The director, however, was allowed to testify regarding a prior inconsistent statement made by one of the co-workers at the October 13th meeting. The secretary's notes and testimony regarding that meeting were central to the issue of the co-worker's credibility and were crucial to rebut testimony presented at the morning session of the hearing. Hence, failure of the hearing officer to find under C.R.C.P. 45(c) that plaintiff had demonstrated "good cause" for serving the subpoena on the secretary fewer than 48 hours in advance of the time set for her appearance or to grant a continuance for "good and sufficient cause" under C.S.R. 19–24 affected the substantial rights of plaintiff. *See Mattingly v. Charnes,* 700 P.2d 927 (Colo. App.1985). Consequently, under the circumstances of this case, the hearing officer's refusal to compel the secretary's presence or to grant a continuance constituted an abuse of discretion. *See Cook v. District Court, supra; Ramirez v. Civil Service Commission, supra.*

In view of our resolution of this case, we do not address defendants' final contention that the record contains sufficient competent evidence to support plaintiff's termination from his employment with the city.

The judgment of the trial court is affirmed.

SMITH and KELLY, JJ., concur.