**Patricia BLAINE, Petitioner,**

v.

**MOFFAT COUNTY SCHOOL DISTRICT RE. NO. 1, Respondent.**

**No. 83CA1375.**

Colorado Court of Appeals, Div. II.

Sept. 5, 1985.

Rehearings Denied Oct. 17, 1985.

Certiorari Denied in Moffat Jan. 21, 1986.

Certiorari Granted in Blaine Jan. 21, 1986.

Colorado Educ. Ass'n., George C. Price, Aurora, for petitioner.

Thomas C. Thornberry, Craig, for respondent.

VAN CISE, Judge.

Petitioner, Patricia Blaine (teacher), seeks review of an order of the Board of Education (board) of respondent, Moffat County School District RE. No. 1 (district), which dismissed her as a tenured teacher. We affirm.

In addition to her regular high school teaching activities, the teacher was a cheerleader sponsor, for which she received extra pay. The district superintendent recommended her dismissal, charging her with neglect of duty in that, while acting as cheerleader sponsor at a district basketball tournament in Grand Junction, she allowed the cheerleaders, including those under age, to drink beer in a motel room where they were all staying, and even drank with them. It was alleged that this was in violation of her duty "to provide for the general health, safety and welfare of all of said cheerleaders and to insure that the students abided by school policies." These charges were accepted for review and notice was given to the teacher. She requested a hearing, and a hearing was convened and conducted pursuant to § 22–63–117, C.R.S. (1984 Cum.Supp.).

In his "Findings of fact and recommendations" issued after the hearing, the hearing officer summarized the exhibits and the testimony of each witness. He then made "evidentiary findings of facts," which were: (1) the teacher had no prior knowledge of the party in the student cheerleaders' room and gave no prior approval to anyone for such a party or for beer to be obtained or consumed there; (2) she first learned of the party when she entered the room to investigate the noise; (3) prior to the party, the teacher drank beer while eating pizza with student cheerleaders in her own room, but she did not offer beer to any of the students there and they did not drink any beer in her room at that time; (4)

at the party, the teacher attempted to get the students to stop drinking by discussing possible discipline which could be imposed on the students and the sponsors; (5) neither the teacher nor the cosponsor took any action to attempt to stop the students from continuing to drink; (6) the teacher drank half a bottle of beer with the students at the party; (7) the teacher was inexperienced in how to handle this type of situation, but in the future would take action to stop it and would report any students participating therein. The hearing officer recommended the teacher be retained, but informally suggested the board consider other discipline similar to that imposed on the non-teacher cosponsor, a five day suspension.

The board adopted the hearing officer's evidentiary findings of fact, but rejected his recommendations. Instead, it concluded that the teacher was guilty of neglect of duty and ordered her dismissal.

## I.

The teacher does not challenge the sufficiency of the evidence to support the evidentiary findings of fact made by the hearing officer and adopted by the board. Also, she admits that she knew that consumption of alcoholic beverages by students while under her supervision was contrary to board policy and to state law and that she did not enforce that policy and law. However, she contends that those facts do not support the board's ultimate finding that she was guilty of neglect of duty and should be dismissed. We disagree.

The facts as found by the hearing officer and admitted by the teacher fully support the board's ultimate finding of neglect of duty. Whether this neglect was sufficiently serious to justify dismissal is a matter within the discretion of the board, subject to judicial review for any abuse of that discretion. However, "a reviewing court may not freely substitute its comparatively uninformed judgment for the board's experienced appraisal of the harm inflicted on the school community by partic-

ular instances of a teacher's conduct...." *Ricci v. Davis,* 627 P.2d 1111 (Colo.1981). And, we must take care not to restrict unduly the power to terminate the employment of school district personnel statutorily vested in district boards of education. *Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978). With these principles in mind, we find no abuse of discretion here.

## II.

The teacher asserts that § 22–63–117(10), C.R.S. (1984 Cum.Supp.) requires that where, as here, the district dismisses the teacher over the hearing officer's recommendation of retention, it must make a specific conclusion in its order "that the hearing officer's findings of fact are not supported by the record made before him." She argues that, since there was no such conclusion and, in fact, the board adopted his findings, the board's dismissal order must be reversed. We disagree.

A literal reading of the statute seems to support the teacher's contention. So read, a board can only differ with a hearing officer's recommendations if it differs with his findings of fact; if, as here, it agrees with his findings of fact, it must follow his recommendations. However, that interpretation does not meet the general assembly's presumed intent of achieving a "just and reasonable result," § 2–4–201(1)(c), C.R.S., nor does it conform to existing law on the duties and functions of the fact-finder and the board in dismissal proceedings.

The board has the specific power "to discharge or otherwise terminate the employment of any personnel." Section 22–32–110(1)(h), C.R.S. There is no indication of a legislative intent to delegate that authority to a hearing officer. *Blair v. Lovett, supra.* The hearing officer is to review the evidence and make findings of evidentiary fact. These findings, when adequately supported by the record, are binding on the board. *Ricci v. Davis, supra.* Ultimate findings, including the recommendations, are not binding on the board because it, and not the hearing officer, has

the power to determine what facts constitute the statutory grounds for dismissal. *Ricci v. Davis, supra; Blair v. Lovett, supra; Suley v. Board of Education,* 633 P.2d 482 (Colo.App.1981). The hearing officer's recommendation is just a recommendation and nothing more. *Blair v. Lovett, supra.*

■ We therefore hold that the statutory phrase relied on by the teacher applies only to the situation in which the board, in rejecting the hearing officer's recommendation of retention, does so on the basis that the record does not support his findings of evidentiary fact. The phrase is inapplicable where, as here, the board adopts the hearing officer's findings of evidentiary fact.

### III.

The teacher next contends that her termination was improper because of the unequal disciplinary sanctions imposed on the two cheerleader sponsors. We disagree.

■ The cosponsor was a library clerk, not a teacher. Together with the teacher, she witnessed student cheerleaders consuming beer at the motel where they all were staying during an official school function. She did not attempt to stop the students from consuming beer or report such activity. However, different from the teacher, the cosponsor did not drink with the students. She was disciplined by imposition of a five day suspension from her employment.

The teacher's violations were more serious than those of the non-teacher cosponsor. And, in any event, administrative agencies can impose different sanctions on persons committing similar offenses without violating equal protection of the law under the Colorado or the United States Constitution. *Ramirez v. Civil Service Commission,* 42 Colo.App. 383, 594 P.2d 1067 (1979).

### IV.

The teacher also contends that the board should pay the cost of the hearing tran-

script. The board counters that the teacher should pay its attorney fees because her petition for review is frivolous and groundless. We agree with the teacher and disagree with the board.

Section 22–63–117(8), C.R.S. (1984 Cum. Supp.) provides in pertinent part:

"A record and transcript shall be made of all evidence and testimony received by the hearing officer.... The costs for the recording of evidence shall be paid by the school district."

Therefore, the board must pay for the transcript. *See Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976). *See also deKoevend v. Board of Education,* 688 P.2d 219 (Colo.1984) (fn. 4).

■ Although we affirm the board's order of dismissal, we do not regard the petition for review as frivolous, groundless, or vexatious. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984); § 13–17–101, C.R.S. (1984 Cum.Supp.).

### V.

Contrary to the teacher's contention, the board applied the correct standard of review. *See deKoevend v. Board of Education, supra* (fn. 4).

The order is affirmed and the cause is remanded with directions that the district pay for the costs of the hearing transcript.

SMITH, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

In my view, the findings of fact of the hearing officer which were adopted by the school board provide no basis for the action of the board in ordering dismissal of the teacher. I recognize that under *Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978), only findings of basic or evidentiary fact, if supported by evidence, are binding on the board, and the recommendation of the hearing officer is not binding. However, if the evidentiary findings do not support the action of the board—here dismissal of the

teacher—the board's action should not be upheld.

There must be a point at which the reviewing court asserts its responsibility to interpret and apply statutory language governing agency actions such as this.

"Undoubtedly questions of statutory interpretation, especially when arising in the first instance in judicial proceedings, are for the court to resolve. [Citations omitted.] But where the question is one of specific application of a broad statutory term in a proceeding in which an agency administering the statute must determine if, initially, the reviewing courts function is limited ... [*The agency's] determination ... is to be accepted if it has 'warrant in the records' and a reasonable basis in law.*" (emphasis added)

*National Labor Relations Board v. Hearst Publication, Inc.*, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170 (1944), *quoted in Ricci v. Davis*, 627 P.2d 1111 (Colo.1981). "[T]he board's findings of ultimate fact must be *fully warranted* by the evidentiary findings of the hearing officer." (emphasis added) *deKoevend v. Board of Education*, 688 P.2d 219 (Colo.1984). Therefore, we must decide if the ground for dismissal, neglect of duty, is fully warranted under these findings.

The findings of fact of the hearing officer, all of which were adopted by the board, are set forth in the majority opinion. Seven specific evidentiary findings were made, nearly all of which tend to minimize the culpability of the teacher's conduct. The only real damning finding is that the teacher drank half a bottle of beer with the students at the party and that she and the co-sponsor took no action to attempt to stop the students from consuming the small amount of beer that still remained when the party was discovered. In light of the other findings, and considering all the findings together, I am of the view that the action of the board in dismissing the teacher cannot stand, because it is not fully warranted by the record and thus, there is no reasonable basis for the action of the board. To rubberstamp this career destroying act based on such *de minimis* conduct gives undue deference to the board's power. I would hold that these findings do not warrant so drastic a punishment.

For these reasons, I respectfully dissent from the majority opinion.