**Byron WARE, Petitioner,**

v.

**MORGAN COUNTY SCHOOL DISTRICT RE–3, Respondent.**

No. 84CA0482.

Colorado Court of Appeals,
Div. I.

Dec. 26, 1985.

Rehearing Denied Jan. 30, 1986.

Certiorari Granted (Ware) May 12, 1986.

Hobbs, Bethke & Associates, William P. Bethke, Larry F. Hobbs, Vonda G. Hall, Denver, for petitioner.

Edward L. Zorn, George A. Epperson, Donald F. McClary, Andrew F. McClary, Fort Morgan, for respondent.

PIERCE, Judge.

Byron Ware (Ware), a tenured teacher, seeks review of an order of the Board of Education of the Morgan County School District No. RE–3 (the Board), dismissing him from his position for insubordination pursuant to § 22–63–116, C.R.S. He challenges the sufficiency of the evidence supporting the finding of insubordination, argues that the findings of the hearing officer were binding on the Board, and seeks payment by the Board of the costs of transcription of the record. We affirm.

Following a hearing conducted pursuant to the Teacher Employment, Dismissal and Tenure Act, § 22–63–101, et seq., C.R.S., the Board accepted the following findings of the hearing officer: (1) In October 1981 following incidents of the use of profanity by Ware in the presence of students and complaints by parents, a written directive was issued to Ware, directing him to discontinue such conduct; (2) on September 26, 1983, Ware used extreme profanity in reprimanding a student, which profanity was overheard by other students in the

area. This incident was in violation of the previous directive, was not inadvertent or accidental, and was found by the hearing officer to be an act of insubordination.

The hearing officer concluded that Ware's act of insubordination did not justify dismissal. Thus, the officer recommended retention. The Board, though accepting the officer's findings of evidentiary facts, dismissed Ware.

## I.

### Insubordination

■ Ware argues that a persistent course of willful defiance is what is required in order for conduct to come within the definition of insubordination adopted in *Thompson v. Board of Education*, 668 P.2d 954 (Colo.App.1983), and he asserts no such persistent conduct was present here. We conclude that Ware's conduct was properly found to constitute insubordination.

We do not choose to limit the definition of insubordination as stated in *Thompson, supra.* In our view, insubordination should be given its commonly-understood definition of a willful failure or refusal to obey reasonable orders of a superior who is entitled to give such orders. *See* Ballentine's Law Dictionary (3d ed. 1969); *Garvin v. Chambers*, 195 Cal. 212, 232 P. 696 (1924); *Sheehan v. Board of Police Commissioners*, 197 Cal. 70, 239 P. 844 (1925); *MacIntosh v. Abbot*, 231 Mass. 180, 120 N.E. 383 (1918). This definition is further supported by the statutory definition applicable in unemployment compensation cases. There, insubordination is defined as "[d]eliberate disobedience of a reasonable instruction of an employer or his duly authorized representative...." Section 8–73–108(5)(e)(VI), C.R.S. (1985 Cum.Supp.).

The record supports the evidentiary findings of the hearing officer that Ware had used profanity before he was directed to discontinue its use in 1981. He testified to using profanity on several occasions during the tenure of his teaching. He was then given a clear order to desist, which he very flagrantly disobeyed on the particular occa-

sion complained of in 1983. These findings of evidentiary fact are binding on review. *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981); *see* §§ 22–63–117(8) and (10), C.R.S. (1985 Cum.Supp.). As a result, the Board could properly conclude that insubordination by Ware had been shown. Ware argues, in effect, that he was allowed at least "one free bite" after he was warned. He had his "free bite" before he was warned.

## II.

### Findings and Recommendations of the Hearing Officer

■ The Board is not bound by the hearing officer's findings of ultimate fact. *deKoevend v. Board of Education*, 688 P.2d 219 (Colo.1984); *Suley v. Board of Education*, 633 P.2d 482 (Colo.App.1981). Subject to judicial review, the Board, not the hearing officer, "has the power to determine what facts constitute the statutory grounds for dismissal." *Blair v. Lovett*, 196 Colo. 118, 582 P.2d 668 (1978).

■ The finding of insubordination is an ultimate finding because it is a mixed question of law and fact. *See deKoevend v. Board of Education, supra.* It is based on the evidentiary findings regarding factual incidents which then may be interpreted by the Board as constituting the statutory grounds for dismissal under § 22–63–116, C.R.S.

Thus, the Board had authority to make its own ultimate findings of fact and was not bound to accept the hearing officer's recommendation nor his findings of ultimate fact. *See Blaine v. Moffat County School District RE–1*, 709 P.2d 96 (Colo.App.1985).

Ware argues that the rule of *Ricci v. Davis, supra,* permitting the Board to find ultimate facts, is not applicable here because of the amendments to § 22–63–117, C.R.S. (1985 Cum.Supp.). That contention has been resolved to the contrary in *deKoevend, supra,* and *Blaine, supra,* where the principles enunciated in *Ricci* were reaffirmed despite the statutory amendments.

## III.

### Costs

 Ware contends that the Board "is responsible for the costs of the transcript on this appeal." We disagree.

Ware appears to argue that § 22–63–117(8), C.R.S. (1985 Cum.Supp.), which states that "the costs of the recording of evidence [before the hearing officer] shall be paid by the school district," also requires the district to pay the costs of the transcript on appeal. That statute requires only that the Board pay for the transcript presented to the Board for its review. *Blaine v. Moffat County School District RE–1, supra.* The record before us shows no indication that the Board has not complied with this obligation.

However, that statute does not address the allocation of costs on judicial review of the Board's order. The review action taken by the teacher pursuant to § 24–4–106(11), C.R.S., as permitted by § 22–63–117(11), C.R.S. (1985 Cum.Supp.), states that "the designation, preparation, transmission of the record to the Court of Appeals shall be in accordance with the Colorado Appellate Rules." Therefore, C.A.R. 10(b) governs the allocation of costs of providing the transcript on appeal. Here, that could only be, at most, the cost of assembling the record, which includes the previously prepared and paid-for transcript, and presenting it to this court. We conclude that costs associated with perfecting a review are properly born by the party seeking review. *See* C.A.R. 39.

The order is affirmed.

KELLY and BABCOCK, JJ., concur.