CITY OF LITTLE ROCK, Arkansas *v.* Steve YOUNG

CA 90-280                                                   806 S.W.2d 38.

Court of Appeals of Arkansas
Division I
Opinion delivered April 3, 1991

*Mark Stodola*, City Att'y by: *Edward G. Adcock*, Asst. City Att'y, for appellant.

*Southern, Allen and James*, by: *Henry A. "Gus" Allen*, for appellee.

JOHN E. JENNINGS, Judge. At about 1:30 a.m. on January 29, 1989, Johnny Bush was arrested for public intoxication and placed in the "drunk tank" at the Little Rock jail. At approximately 2:15 a.m. Bush tied one of his coat sleeves around his neck and attempted to tie the other to a door bar and said he was going to kill himself. The shift supervisor, Sergeant Barnard, took away Bush's coat and long-sleeved shirt and directed jailers to keep a close eye on Bush. When Sergeant Steve Young, the appellee here, relieved Sergeant Barnard at approximately 7:00 a.m., Young was told of Bush's conduct.

At 10:00 a.m. Bush was released from jail but returned in approximately fifteen minutes and told Young that he wanted to go to the state hospital because he was thinking of suicide. Young arranged transportation and Bush was taken to the state hospital. Less than four hours later Bush had been released from the state hospital, gotten drunk again, and was again arrested for public intoxication. Sergeant Young placed Bush in the "drunk tank"

alone and did not order that he be kept under a "close watch." Sergeant Herbert relieved Young as shift supervisor at 3:00 p.m. and was not told of Bush's earlier suicidal statements. One hour later Bush was found dead in his cell, hanged with his shirt sleeve.

The chief of police suspended Young for ten days for "neglect of duty" in failing to inform the incoming supervisor of Bush's possible suicidal tendencies. The suspension was affirmed by the Little Rock Civil Service Commission. On appeal to circuit court, the circuit judge took additional testimony and found that, while Young's conduct did constitute a neglect of duty, an oral reprimand should be the punishment imposed. Now, on appeal to this court, appellant contends that the trial court abused its discretion in reducing the punishment to a mere oral reprimand. We find no reversible error and affirm.

In support of its argument, the city relies on several cases from other jurisdictions. For instance, in *City of Newark* v. *Massey*, 93 N.J. Super. 317, 225 A.2d 723 (1967), the Superior Court of New Jersey held that the civil service commission ought not to disturb the penalty imposed by the chief of police absent a clear abuse of discretion. In *Ramirez* v. *Civil Service Commission*, 42 Colo. App. 383, 594 P.2d 1067 (1979), the Colorado Court of Appeals held that the district court ought not to disturb the penalty imposed by the civil service commission, absent a gross abuse of discretion. The underlying rationale for such holdings, as appellant contends, was set forth in *City of Richmond* v. *Howell*, 448 S.W.2d 662 (Ky. 1969):

> In the conduct and management of a police department, the city, like any other business, by necessity must have rules and regulations and must have a means of enforcing them. The city officials are in better position to perform this function than are the courts. Certainly the courts would not relish the notion of acting as disciplinarian of the numerous police officers throughout the Commonwealth. Sound public policy requires that the matter of punishment and discipline of the police officer be left to his employer — the legislative body in the present instance.

While reasons of policy may support appellant's argument, the argument is foreclosed by the supreme court's decision in *City of Little Rock* v. *Hall*, 249 Ark. 337, 459 S.W.2d 119

(1970). There, a police officer had been discharged by the chief of police for striking a suspect. The civil service commission upheld the discharge. On appeal to circuit court, the trial judge agreed that the officer had violated regulations, but reduced the punishment to thirty days suspension. The supreme court said, "We have no hesitancy in concluding that the circuit court had jurisdiction to modify the punishment fixed by the civil service commission, notwithstanding the circuit court agreed with the commission that the officer violated the regulations." The court held that the appeal statute (now Ark. Code Ann. § 14-51-308 (1987)) did not specifically restrict the power of the circuit court relative to determining guilt or punishment. The court held that proceedings in circuit court in such cases are de novo and that the supreme court's standard of review is whether the circuit court's verdict or finding of fact is supported by substantial evidence. *Hall*, 249 Ark. 338. Today, however, our standard of review in such cases is whether the circuit court's findings were clearly against the preponderance of the evidence or whether its decision was clearly erroneous. *See Dalton v. City of Russellville*, 290 Ark. 603, 720 S.W.2d 918 (1986); Ark. R. Civ. P. 52.

In *Hall* the supreme court noted that the circuit judge found that the officer had an exemplary record of service in his more than eight years with the Little Rock Police Department and that this was an adequate basis upon which the circuit court might reduce the punishment.

In the case at bar the circuit judge made the following specific findings: (1) that the portion of the police department's policy manual relating to the treatment of prisoners with mental or emotional problems was vague and confusing; (2) that the city failed to prove that there were any relevant unwritten policies which were applicable to the situation; (3) that Young was justified to some degree in relying on the findings of the Arkansas State Hospital; and (4) that Young's record throughout his seventeen years with the department was exemplary. We cannot say that any of these findings is clearly against the preponderance of the evidence, nor can we say the circuit court's decision to reduce the ten days suspension to a reprimand was clearly erroneous.

Affirmed.

CRACRAFT, C.J., and DANIELSON, J., agree.