SLIP OPINION



Cite as 2017 Ark. App. 410

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-550

| | |
|---|---|
| LITTLE ROCK POLICE DEPARTMENT | **Opinion Delivered** August 30, 2017 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION |
| V. | [NO. 60CV-15-2246] |
| CHRISTOPHER M. PHILLIPS APPELLEE | HONORABLE MORGAN E. WELCH, JUDGE |
| | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellee Christopher Phillips, an officer employed by appellant Little Rock Police Department ("LRPD"), admittedly violated particular internal rules and regulations of LRPD in April 2014. As a consequence, LRPD's police chief made the decision to demote Phillips from the rank of sergeant to the rank of patrolman. Phillips appealed this decision to the civil service commission, which ultimately affirmed the police chief's decision. Phillips appealed again to the Pulaski County Circuit Court. After hearing the matter de novo, the circuit court found that, as a consequence of admitted rule and regulation violations, the proper sanction for Phillips was to be assessed a thirty-day suspension without pay instead of demotion to patrolman. LRPD appeals from the order entered on March 4, 2016, in Pulaski County Circuit Court that set aside the demotion and imposed the thirty-day suspension. LRPD

seeks reversal, arguing on appeal that the circuit court clearly erred and that demotion was the proper sanction. We affirm.[1]

First, we set out the legal framework of this particular subject in Arkansas law prior to conducting our appellate review. The right of appeal by the city or employee is given from any decision of the civil service commission to the circuit court within whose jurisdiction the commission is situated. Ark. Code Ann. § 14–51–308(e)(1)(A) (Repl. 2013). The circuit court reviews decisions of the civil service commission de novo and has jurisdiction to modify the punishment fixed by the commission even if the circuit court agrees that the officer violated department rules and regulations. *City of Little Rock v. Hall*, 249 Ark. 337, 459 S.W.2d 119 (1970); *City of Little Rock v. Young*, 34 Ark. App. 135, 806 S.W.2d 38 (1991). The circuit court may modify the punishment even if the evidence it relies on in doing so was not presented to the commission. *City of Van Buren v. Smith*, 345 Ark. 313, 46 S.W.3d 527 (2001). The effect of this statutory provision for a de novo appeal to circuit court is to reopen the entire matter for consideration by the circuit court, as if a proceeding had been originally brought in that forum; the circuit court proceeding is in the nature of an original

---

[1]This appeal was originally filed by LRPD in the Arkansas Supreme Court, which transferred the appeal to our court pursuant to an opinion handed down on May 4, 2017, *Little Rock Police Department v. Phillips*, 2017 Ark. 165. The supreme court held that the statutory language in Arkansas Code Annotated section 14–51–308(e)(2)(A) (Repl. 2013), giving the right of appeal from circuit court to the supreme court in civil–service appeals, does not limit appellate jurisdiction to the supreme court. The supreme court held that "civil service appeals pursuant to section 14–51–308 shall be filed in the court of appeals unless there is another basis for [supreme court] jurisdiction." *Id. See also Bales v. City of Fort Smith*, 2017 Ark. 161, 518 S.W.3d 76.

SLIP OPINION

action. *City of Little Rock v. Hudson*, 366 Ark. 415, 236 S.W.3d 509 (2006).

The standard of review in these matters is well settled. We review the findings of the circuit court to determine whether they are clearly against the preponderance of the evidence. *Tovey v. City of Jacksonville*, 305 Ark. 401, 808 S.W.2d 740 (1991). In our review of the circuit court's findings, we give due deference to the circuit court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Carson v. Cnty. of Drew*, 354 Ark. 621, 128 S.W.3d 423 (2003). Further, disputed facts and determinations of witness credibility are within the province of the fact-finder. *Hudson*, *supra*. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Found. Telecomms. v. Moe Studio*, 341 Ark. 231, 16 S.W.3d 531 (2000).

At this juncture, we set out a more expansive examination of the proceedings that led to this appeal. The material facts are not in dispute and were largely stipulated. On April 12, 2014, two police officers (Kenneth Baker and Brittney Gunn) were involved in an automobile accident wherein Baker backed his patrol car into the front bumper of Gunn's patrol car. This caused Gunn's push bumper to be out of alignment. After arriving back at the substation, Gunn began to prepare an accident report when Sergeant Phillips told Gunn to discontinue the report. Phillips examined the damage, determining that Baker's vehicle had minor scratches on the rear bumper and that Gunn's vehicle had its push bumper out of place. Phillips believed that the damage could be easily repaired, so he consulted with another officer

SLIP OPINION

(Jason Deno). Deno had training and several years of experience in auto body and collision repair. Deno believed that he could repair the damage with tools from his home. Phillips authorized Baker, Gunn, and Deno to take Gunn's vehicle to Deno's home and attempt repair. After about an hour, the three officers reported back to Phillips that the repair attempt was unsuccessful and that a bolt had broken during the attempt. Phillips and Deno then went to the city garage and obtained a replacement bolt from a wrecked police unit.

Phillips instructed Baker, Gunn, Deno, and a probationary officer riding with Deno (Todd Davis) to meet him at the rear of a nightclub, Electric Cowboy, at its garage area. These officers remained out of service with Phillips's authorization for the few hours they spent at Electric Cowboy. Phillips spoke to the manager at the nightclub, who agreed to help Phillips repair the bumper. In order to put the bumper back into place, they used a rubber mallet to push it and a tow strap attached to a truck to pull it; then they replaced the broken bolt. The manager advised Phillips that the vehicle's broken crossmember needed to be welded back into place. Phillips told the officers that the incident would be reported to Lieutenant Thomas the next day and that if Thomas did not approve of the actions taken, a file on the incident would be generated.

Deno and Davis became uncomfortable and left the nightclub. The manager welded the crossmember after disconnecting the electrical wires from the bumper, reconnecting the wires afterward. Touch-up paint was applied to the bumper. Phillips, Baker, and Gunn then returned to the police substation.

SLIP OPINION

On April 13, 2014, Phillips had Lieutenant Thomas examine the push bumper to determine whether an accident file should be completed. Phillips reported that the push bumper had been damaged but that he had repaired the damage. Thomas did not believe the vehicle to be seriously damaged, so Thomas signed a notation of damage in the vehicle's damage book but wrote that no further action was necessary.

On April 23, 2014, a police officer (Donna Lesher) took this vehicle to an authorized repair location after it was reported that the strobe lights were not working. Lesher discovered that the push bumper had been damaged and repaired in a manner not consistent with LRPD policy. Lesher reported this to Captain Hastings. Thomas overheard the conversation, and Thomas said that the damage resulted from an accident that had happened on April 12, 2014. Phillips heard this conversation as he approached, adding that there was a minor accident and that he had fixed the damage with help from a friend. Hastings ordered Thomas to investigate the situation.

Phillips later said that he told Thomas on April 23 that he had welded the broken crossmember, but Thomas said that he was unaware of that. Phillips acknowledged that the police patrol unit did not belong at a nightclub for the purpose of repairs, and he acknowledged that he misallocated LRPD manpower by directing the officers to bring the vehicle to Electric Cowboy on the evening of April 12.

The police chief determined that Phillips had violated two general orders and four rules and regulations of the LRPD. The violations concerned requirements that any accident

resulting in damage be followed by an accident report with certain protocol for vehicle repairs; that no repair be made without the permission of the police chief; and that officers refrain from conduct unbecoming an officer or in dereliction of their duty. The police chief believed that Phillips was trying to help his subordinate officers and did not have bad intentions, that he had exercised bad judgment, that he was honest and took responsibility for his actions, and that he had a good police record. In the end, the police chief demoted Sergeant Phillips to the rank of patrolman, although he did not preclude him from participating in future promotional opportunities.

Officers Deno and Baker each received a one-day suspension for violating LRPD rules. Officer Gunn received a letter of reprimand. Probationary Officer Davis was given informal counseling, a copy of which was added to his personnel file.

Phillips appealed his demotion to the civil service commission, which upheld the findings that Phillips had violated multiple rules and regulations and that the police chief's decision to demote Phillips was the proper sanction. Phillips appealed this decision to the circuit court.

Phillips's attorney asserted that the appropriate sanction was a thirty-day suspension without pay, which would translate into a one-twelfth reduction in Phillips's salary, without the drastic economic and professional hardship that a demotion would impose.[2] His attorney

---

[2]Phillips presented evidence from a professor of economics to explain the financial consequences of demotion, calculating a permanent demotion for Phillips to be a loss well in excess of $100,000. In contrast, a thirty-day suspension without pay would result in an

pointed to Phillips's previous eighteen years of outstanding service in the LRPD. His attorney also noted that the prior police chief had customarily permitted officers the discretion to handle minor accidents with minor damage without requiring the filing of reports. LRPD's attorney argued that Phillips had set a bad example for his subordinates, he had gone beyond any prior custom and beyond common sense in this situation, and he had negatively affected the respect and credibility he had earned with the officers beneath his rank. LRPD's attorney pointed out that this happened after LRPD had received bad publicity regarding another officer being on trial for shooting and killing a suspect. Thus, LRPD asserted, LRPD had a new police chief who was justifiably being very protective of LRPD's reputation.

The trial court ruled from the bench that Phillips clearly did not have any evil intent but rather exercised bad judgment; that Phillips had a good record and ultimately was honest and took responsibility for his error in judgment; and that it was "obvious that this was a stupid series of actions that got out of control." The trial court acknowledged that it was "hard to figure out when a minor accident becomes a major one." The trial court concluded that demotion was too severe a punishment, setting it aside and imposing a thirty-day suspension without pay. A formal order was subsequently entered, and this appeal followed.

There is no question that Phillips violated LRPD rules and regulations in this situation; the issue is solely what the proper sanction is for these transgressions. LRPD asserts on appeal that this turned out to be a major repair undertaking, that Phillips did not have "carte blanche

approximate $6,000 loss in income.

to do as he pleased and violate the Department's rules," that he had damaged his reputation within LRPD, and that he needed to demonstrate his capability to exercise good judgment before being placed in a supervisory position again. LRPD considers a thirty-day suspension to be "a mere slap on the wrist," noting that demotion is a less drastic sanction than termination.

Phillips counters that the trial court did not clearly err in finding demotion to be too harsh in this situation. Phillips also asserts that loss of a month's pay is not an insignificant punishment. He cites *City of Little Rock v. Hall*, 49 Ark. 37, 459 S.W.2d 119 (1970), as support for the trial court's decision. In *Hall*, a police officer was discharged for slapping a suspected felon, but the circuit court found the punishment to be too severe, reducing the sanction to a thirty-day suspension. Officer Hall had unjustifiably struck the suspect, but the trial court found it compelling that Hall, who had eight years on the force, had been an exemplary and dedicated officer. The trial court's reduction in punishment was affirmed by our supreme court. Phillips also cites *City of Van Buren v. Smith*, 345 Ark. 313, 46 S.W.3d 527 (2001), as supporting an affirmance of the trial court. In *Smith*, a firefighter's termination for using profanity was reversed by the circuit court, which imposed a thirty-day suspension instead. Our supreme court affirmed the circuit court, holding that the decision to reduce the punishment was not clearly against the preponderance of the evidence.

LRPD responds that *Hall* is distinguishable from Phillips's case because Phillips committed multiple rule violations and involved other police officers, which resulted in far

8

greater repercussions for LRPD. LRPD acknowledges that the circuit court had the authority to reduce Phillips's penalty, but it urges our court to have a definite and firm conviction that a mistake was made in doing so. We are not left with such a definite and firm conviction.

We acknowledge that Phillips's rule violations were more egregious than those in *Smith* and *Hall*. Phillips admittedly violated LRPD policy and involved other officers. Nonetheless, Phillips had no evil intent, he was attempting to help lower-ranking officers, he had served admirably for eighteen years on the force, and he took responsibility for his error in judgment. It was undisputed that LRPD's previous police chief had permitted the exercise of some discretion in deciding to handle minor repairs without formally adhering to reporting and repair protocol. In light of this evidence, we cannot say that the trial court's decision to impose a thirty-day suspension without pay was clearly erroneous. We are not left with a distinct and firm conviction that the trial court made a mistake.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Sherri Latimer*, Office of City Attorney, for appellants.

*Robert A. Newcomb*, for appellee.