Cite as 2021 Ark. App. 323

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-20-497

| | |
|---|---|
| LITTLE ROCK POLICE DEPARTMENT AND THE CITY OF LITTLE ROCK<br><br>APPELLANTS<br><br>V.<br><br>CHARLES STARKS<br>APPELLEE | **Opinion Delivered** September 8, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-19-7042]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REVERSED AND REMANDED |

## STEPHANIE POTTER BARRETT, Judge

The City of Little Rock and the Little Rock Police Department appeal the Pulaski County Circuit Court's order that affirmed the Little Rock Civil Service Commission's ("Commission's") finding that Charles Starks, a Little Rock police officer, violated General Order 303.II.E.2 but reversed the Commission's decision to terminate Starks's employment, instead ordering a thirty-day suspension and a reduction in salary. On appeal, the City of Little Rock and the Little Rock Police Department argue that the termination should stand. Starks cross-appeals, arguing that he did not violate the General Order and that the suspension and reduction in pay should be reversed. We reverse and remand for findings consistent with this opinion.

Charles Starks is a certified law enforcement officer who began working as a patrol officer in the Little Rock Police Department in approximately August 2013. On Friday, February 22, 2019, Starks was working patrol when he received notification of a stolen

vehicle in the area of 12th Street and Rodney Parham, responded to the call, and traveled to that general area. He was subsequently notified that the stolen vehicle had made a left turn into a parking lot near 7305 Kanis Road and that the operator of the stolen motor vehicle had backed the car into a parking space and was stationary. Starks was informed that Officer Zebulum Tyler was en route to assist him and was "gonna be a minute" before arrival. Starks specifically parked his patrol car in front of the stolen vehicle, partially blocking the vehicle in such a manner that the operator of the stolen vehicle still had room to flee.

The video footage of the incident shows that at approximately 1109 hours, Officer Starks exited his patrol car, passed in front of the stolen vehicle, and approached the driver's side door with his weapon drawn. Starks ordered the driver to show his hands, roll the window down, and exit the vehicle. The driver did not comply with the Officer Starks's commands. Testimony by Officer Starks indicated that he saw the suspect reach over and put the car into gear. Officer Starks then saw the suspect reach down near his leg to an area that Officer Starks could not see. Officer Starks believed that the driver, Bradley Blackshire, was reaching for a gun. Officer Starks continued to give Blackshire commands as he walked backward and positioned himself near the front driver's door panel. Blackshire turned to avoid hitting the patrol car and attempted to flee. In this process, Blackshire hit the officer with the car, injuring his knee and causing him to stumble backward. Starks fired three to four rounds at the driver. The stolen vehicle paused briefly and then began moving again. Starks testified that he attempted to seek cover from his car, and as he moved from his position toward his car, he was directly in front of the stolen vehicle. When the stolen

2

vehicle began moving forward again, Starks ended up on the hood of the stolen vehicle, and from there, he fired an additional ten to eleven rounds at Blackshire. Blackshire died as a result of the gunshot wounds sustained during the incident.

Starks was investigated for possible violation of General Order 303.II.E.2, which states:

> Officers will not voluntarily place themselves in a position in front of an oncoming vehicle where Deadly Force is the probable outcome. When confronted by an oncoming vehicle, officers will move out of its path, if possible, rather than fire at the vehicle.

Little Rock Police Department General Order No. 303.II.E.2 (2017).

Chief of police Keith Humphrey found that Starks had violated General Order 303.II.E.2 when he moved in the direction of his car and placed himself in the path of the oncoming stolen vehicle and terminated his employment as a result. Starks appealed to the Commission, which affirmed both the violation and the sanction of termination. Starks then appealed to the circuit court.

A city or employee has the right to appeal any decision of the civil service commission to the circuit court within whose jurisdiction the commission is situated. Ark. Code Ann. § 14-51-308(e)(1)(A) (Repl. 2013). The circuit court reviews decisions of the civil service commission de novo and has jurisdiction to modify the punishment fixed by the commission even if the circuit court agrees that the officer violated department rules and regulations and even if the evidence it relies on in modifying the punishment was not presented to the commission. *Little Rock Police Dep't v. Phillips*, 2017 Ark. App. 410, 526 S.W.3d 872. The circuit court does not merely review the commission's decision for error but instead conducts a de novo hearing on the record made before the commission and

3

hears any additional competent testimony required by either party. *Sears v. City of Hot Springs*, 2020 Ark. App. 247, 601 S.W.3d 426. A de novo appeal to the circuit court reopens the entire matter for consideration by the circuit court as if a proceeding had been originally brought in that forum. *City of Little Rock v. Muncy*, 2017 Ark. App. 412, 526 S.W.3d 877.

The circuit court, after a de novo review of the Commission's findings pursuant to Ark. Code Ann. § 14-51-308(e)(1)(A)–(B), and additional testimony taken, reversed the finding that he voluntarily placed himself in the path of an oncoming vehicle but affirmed the violation of the General Order in the way that he had parked and walked in front of the stationary parked stolen vehicle. Upon finding that the General Order had been violated in what the circuit court deemed to be the nonemergency portion of the event, the termination was reversed, and a thirty-day suspension and a reduction in pay was handed down.

This court reviews the findings of the circuit court to determine whether they are clearly against the preponderance of the evidence. *Phillips, supra*. Disputed facts are within the province of the fact-finder, and due deference is given to the circuit court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id*. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Sears, supra*.

In analyzing whether Starks violated the General Order, the circuit court divided the incident into two separate parts—the nonemergency situation (from the time Starks pulled into the parking lot until he exited his patrol car) and the emergency situation (from the

4

time he exited his patrol car to the conclusion of the incident). The circuit court found that Starks had violated the General Order during the nonemergency portion of the incident, but he had not violated the General Order during the emergency portion of the incident. Furthermore, the circuit court analyzed the actions of the officer using a reasonableness standard. Although a court must determine what is reasonable conduct by a police officer when he or she uses force, deadly or otherwise, in the line of duty and that reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene rather than with hindsight, *see, e.g.*, *Graham v. Connor*, 490 U.S. 386 (1989), this case does not involve a question regarding the reasonableness of the use of deadly force. Furthermore, this case does not involve a question of criminal charges or tortious conduct. This case is simply a question of whether General Order 303.II.E.2. was violated, and that question must be analyzed under the voluntariness of the act, not a reasonableness standard as used by the circuit court. Therefore, there is no need to divide the situation into emergency or nonemergency situations nor to determine whether the actions were reasonable for an officer with similar training and experience. Simply posed, did Starks voluntarily violate General Order 303.II.E.2 by placing himself in a position in front of an oncoming vehicle where deadly force was the probable outcome? The Commission answered this question in the affirmative.

We must therefore reverse and remand this case so that the circuit court may conduct a de novo review of the Commission's decision that Starks violated General Order 303.II.E.2 using the appropriate standard of voluntariness.

5

Given the fact that the first point on appeal has been reversed and remanded for further proceedings, the second point on appeal regarding the appropriate sanctions need not be addressed at this time. Likewise, the cross-appeal filed by Starks regarding appropriate sanctions need not be addressed at this time.

Reversed and remanded.

VIRDEN and VAUGHT, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Michael S. Moore* and *Khayyam M. Eddings*, for appellants.

*Robert A. Newcomb*, for appellee.